## UNITED STATES *v.* SIMPSON.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLORADO.

No. 444. Submitted March 5, 1920.—Decided April 19, 1920.

The transportation by their owner of five quarts of whiskey for his personal use, in his own automobile, into a State whose laws prohibit the manufacture or sale of intoxicating liquors for beverage purposes, is transportation in interstate commerce and violates the Reed Amendment if the liquor is not intended for any of the purposes therein excepted. P. 466.

257 Fed. Rep. 860, reversed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Frierson* for the United States:

This case is ruled by *United States* v. *Hill,* 248 U. S. 420.

The judgment in the present case rests solely upon the idea that, in order to be transportation in interstate commerce, transportation must be by common carrier. But transportation, in order to constitute interstate commerce, need not be by common carrier, and may be transportation by the owner of the goods. *Railroad Company* v. *Husen,* 95 U. S. 465, 469–70; *Kirmeyer* v. *Kansas,* 236 U. S. 568, 572; *Kelley* v. *Rhoads,* 188 U. S. 1; *Pipe Line Cases,* 234 U. S. 548, 560; *Rearick* v. *Pennsylvania,* 203 U. S. 507, 512.

No appearance for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is an indictment under § 5 of the Act of March 3, 1917, known as the Reed Amendment, c. 162, 39 Stat. 1069, which declares that "whoever shall . . . cause intoxicating liquors to be transported in interstate commerce, except for scientific, sacramental, medicinal, and mechanical purposes, into any State . . . the laws of which . . . prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes shall be punished," etc.; and the question for decision is whether the statute was applicable where the liquor—five quarts of whiskey—was transported by its owner in his own automobile and was for his personal use, and not for an excepted purpose. The District Court answered the question in the negative and on that ground sustained a demurrer to the third count, which is all that is here in question, and discharged the accused. 257 Fed. Rep. 860.

We think the question should have been answered the other way. The evil against which the statute was directed was the introduction of intoxicating liquor into a prohibition State from another State for purposes other than those specially excepted,—a matter which Congress could and the States could not control. *Danciger* v. *Cooley*, 248 U. S. 319, 323. The introduction could be effected only through transportation, and whether this took one form or another it was transportation in interstate commerce. *Kelley* v. *Rhoads*, 188 U. S. 1; *United States* v. *Chavez*, 228 U. S. 525, 532–533; *United States* v. *Mesa*, 228 U. S. 533; *Pipe Line Cases*, 234 U. S. 548, 560; *United States* v. *Hill*, 248 U. S. 420. The statute makes no distinction between different modes of transportation and we think it was intended to include them all, that being

the natural import of its words.   Had Congress intended to confine it to transportation by railroads and other common carriers it well may be assumed that other words appropriate to the expression of that intention would have been used.   And it also may be assumed that Congress foresaw that if the statute were thus confined it could be so readily and extensively evaded by the use of automobiles, auto-trucks and other private vehicles that it would not be of much practical benefit.   See *Kirmeyer* v. *Kansas,* 236 U. S. 568.   At all events, we perceive no reason for rejecting the natural import of its words and holding that it was confined to transportation for hire or by public carriers.

The published decisions show that a number of the federal courts have regarded the statute as embracing transportation by automobile, and have applied it in cases where the transportation was personal and private, as here.   *Ex parte Westbrook,* 250 Fed. Rep. 636; *Malcolm* v. *United States,* 256 Fed. Rep. 363; *Jones* v. *United States,* 259 Fed. Rep. 104; *Berryman* v. *United States,* 259 Fed. Rep. 208.

That the liquor was intended for the personal use of the person transporting it is not material, so long as it was not for any of the purposes specially excepted.   This was settled in *United States* v. *Hill, supra.*

We conclude that the District Court erred in construing the statute and sustaining the demurrer.

*Judgment reversed.*

MR. JUSTICE CLARKE, dissenting.

The indictment in this case charges that the defendant, being in the City of Cheyenne, Wyoming, "bought, paid for and owned" five quarts of whiskey and thereafter, in his own automobile, driven by himself, transported it into the City of Denver, Colorado, intending to there devote it to his own personal use.   Colorado prohibited the manu-

facture and sale therein of intoxicating liquor for beverage purposes. The court decides that this liquor was unlawfully "transported in interstate commerce," from Wyoming into Colorado within the meaning of the Act of Congress of March 3, 1917 (39 Stat. 1069).

With this conclusion I cannot agree.

By early (*Gibbons* v. *Ogden,* 9 Wheat. 1, 193) and by recent decisions (*Second Employers' Liability Cases,* 223 U. S. 1, 46) of this court and by the latest authoritative dictionaries, interstate commerce, in the constitutional sense, is defined to mean commercial, business, intercourse—including the transportation of passengers and property—carried on between the inhabitants of two or more of the United States,—especially (we are dealing here with property) the exchange, buying or selling of commodities, of merchandise, on a large scale between the inhabitants of different States. The liquor involved in this case, after it was purchased and while it was being held for the personal use of the defendant, was, certainly, withdrawn from trade or commerce as thus defined—it was no longer in the channels of commerce, of trade or of business of any kind—and when it was carried by its owner, for his personal use, across a state line, in my judgment it was not moved or transported in interstate commerce, within the scope of the act of Congress relied upon or of any legislation which Congress had the constitutional power to enact with respect to it at the time the Reed Amendment was approved. The grant of power to Congress is over commerce,—not over isolated movements of small amounts of private property, by private persons for their personal use.

I think the *Hill Case,* 248 U. S. 420, was wrongly decided and that the judgment of the District Court in this case should be affirmed.