## WILLIAMS ET AL. *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF INDIANA.

No. 159.   Motion to dismiss or affirm submitted· November 22, 1920.—
Decided March 7, 1921.

The Act of March 3, 1917, prohibiting the transportation in interstate
commerce of intoxicating liquors into a State whose laws prohibit
manufacture or sale of such liquors for beverage purposes, is not
repugnant to Art. I, § 9, cl. 6, of the Constitution, prohibiting any
regulation of commerce which gives preference to the ports of one
State over those of another State.  P. 338.
Affirmed.

WRIT of error to review directly a sentence in the
District Court under an indictment charging interstate
transportation of whisky in violation of the Reed Amend-
ment.

*Mr. Milton W. Mangus* for plaintiffs in error.

*The Solicitor General* and *Mrs. Annette Abbott Adams,*
Assistant Attorney General, for the United States.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

In *Clark Distilling Co.* v. *Western Maryland Ry. Co.,*
242 U. S. 311, the Webb-Kenyon Law (Act of March 1,
1913, c. 90, 37 Stat. 699) which prohibited the movement
in interstate commerce into any State of intoxicating
liquor for purposes prohibited by the laws of such State,
was sustained.  It was held (a) that the law in question
was appropriate as a regulation of commerce; (b) that
any want of uniformity which might arise in its operation

caused from differences in the laws of the several States was to be attributed to such divergent state laws and not to any inherent want of uniformity in the act of Congress; (c) that it was competent for Congress, in regulating commerce as to the movement of intoxicants, to adapt its laws, as far as it deemed advisable, to the regulations prevailing in the several States; (d) that in regulating such commerce the authority of Congress was as complete as that which government possessed over intoxicants and was to be measured by the extent of such power and not by the authority which controlled the power of government as to other subjects.

In *United States v. Hill*, 248 U. S. 420, there came under consideration an indictment for violating the statute known as the Reed Amendment (Act of March 3, 1917, c. 162, § 5, 39 Stat. 1058, 1069), prohibiting the transportation in interstate commerce of intoxicating liquor into any State whose laws prohibited the manufacture or sale therein of intoxicating liquor for beverage purposes. Reiterating the grounds upon which the constitutionality of the statute considered in the *Clark Distilling Co. Case* was upheld, and additionally pointing out the reasons why the statute under consideration was within the authority of Congress to enact as a regulation of commerce, the indictment was sustained and the statute of necessity upheld.

The decided cases in this court and in the lower federal courts which are noted in the margin [1] make it certain

---

[1] *United States v. Gudger*, 249 U. S. 373; *United States v. Simpson*, 252 U. S. 465; *United States v. James*, 256 Fed. Rep. 102; *Hardy v. United States*, 256 Fed. Rep. 284; *Malcolm v. United States*, 256 Fed. Rep. 363; *United States v. Simpson*, 257 Fed. Rep. 860; *Robilio v. United States*, 259 Fed. Rep. 101; *United States v. Luther*, 260 Fed. Rep. 579; *Laughter v. United States*, 261 Fed. Rep. 68; *Whiting v. United States*, 263 Fed. Rep. 477; *District of Columbia v. Gladding*, 263 Fed. Rep. 628; *Collins v. United States*, 263 Fed. Rep. 657; *United States v. Collins*, 264 Fed. Rep. 380; *Moran v. United States*, 264 Fed. Rep. 768; *Berman v. United*

that the *Clark Distilling Co.* and the *Hill Cases* were accepted as determining the validity of both the Webb-Kenyon Law and the Reed Amendment.

The case before us concerns an indictment found and conviction thereon had for a violation of the Reed Amendment after the decision in the *Hill Case,* and was brought directly here upon the theory that that law was repugnant to Art. I, § 9, cl. 6 of the Constitution, prohibiting any regulation of commerce which gives a preference to the ports of one State over those of another. We do not pause to consider whether the constitutional validity of the Reed Amendment had been in terms so completely settled by the *Clark Distilling Co.* and the *Hill Cases* as to cause the contention here relied upon to be frivolous at the time the writ of error was sued out, but content ourselves with saying that, in any event, the want of merit in the constitutional question relied upon is so plainly and unequivocally established by the cases in question and the authorities which have followed them, as to require us to do no more than direct attention to that condition and consequently to affirm the judgment.

*Judgment affirmed.*

*States,* 265 Fed. Rep. 259; *Payne* v. *United States,* 265 Fed. Rep. 265; *Hockett* v. *United States,* 265 Fed. Rep. 588; *Gross* v. *United States,* 265 Fed. Rep. 606; *Durst* v. *United States,* 266 Fed. Rep. 65; *Ciafirdini* v. *United States,* 266 Fed. Rep. 471; *Block* v. *United States,* 267 Fed. Rep. 524.