## MUNSON v. RICHFIELD OIL CORPORATION.

### No. 10396.

United States District Court
S. D. California, Central Division.

April 24, 1950.

Pacht, Warne, Ross & Bernhard, Beverly Hills, Cal., for plaintiff.

William J. DeMartini and David Guntert, Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

Defendant has filed a Motion to Dismiss plaintiff's amended complaint in this action on the ground that it does not come within the purview of the anti-trust laws.

Plaintiff alleges that defendant is engaged in interstate commerce in the business of producing, refining, transporting and/or distributing petroleum products in interstate commerce and owns and operates over two hundred plants from which it distributes its petroleum products to over twenty-five hundred retail service stations located throughout the States of California, Oregon, Washington, Texas, Nevada and Idaho, and that one thousand of said service stations, including the service station operated by plaintiff, were leased to the operators thereof by the defendant under terms and conditions as set forth in the amended complaint.

Plaintiff alleges that defendant has refused to permit plaintiff to sell petroleum products, automobile accessories or miscellaneous products not manufactured, distributed or sponsored by the defendant.

With its Motion to Dismiss defendant filed the affidavit of William G. King, Jr., a vice-president and sales manager of the defendant corporation, in which affiant stated that all the products referred to in plaintiff's amended complaint and delivered by or on behalf of the Richfield Oil Corporation to the plaintiff or his copartner were manufactured and produced in California with the exception of less than one percent of the tires delivered to the Blythe station which were tires of unusual design and might have been manufactured at plants in Ohio and shipped to the Goodyear plant in California.

Although defendant admits that Richfield Oil Corporation is engaged in interstate commerce, it contends that its business with the plaintiff herein has always been intrastate commerce and that none of the products which it sold to plaintiff were in interstate commerce, with the exception as noted.

The only question now before this Court is whether or not the alleged contract, combination, or conspiracy as alleged by plaintiff has a direct effect upon interstate commerce.

█ Interstate commerce has probably as many definitions as opinions rendered on the matter. However, in 1824 Chief Justice Marshall, in Gibbons v. Ogden, 9 Wheat 1, 189–190, 6 L.Ed. 23, said: "Commerce undoubtedly is traffic, but it is something more: it is intercourse." Commerce is interstate, he said, when it "concerns more states than one."

█ In the case of United States v. South-Eastern Underwriters Association, 322 U.S. 533, at page 546, 64 S.Ct. 1162, at page 1170, 88 L.Ed. 1440, in which the defendant contended that certain insurance policies were intrastate, the Court said: "We may grant that a contract of insurance, considered as a thing apart from negotiation and execution does not itself constitute interstate commerce. * * * But it does not follow from this that the Court is powerless to examine the entire transaction, of which that contract is but a part, in order to determine whether there may be a chain of events which becomes interstate commerce * * * In short, a nationwide business is not deprived of its interstate character merely because it is built upon sales contracts which are local in nature. Were the rule otherwise, few businesses could be said to be engaged in interstate commerce."

█ Plaintiff alleges that the service station or truck terminal operated by him is located in the City of Blythe, California, near the border of the States of California and Arizona and is situated on U. S. Highways 60 and 70, the principal east and west truck highways of the United States, and upon which travel automobiles and trucks in interstate commerce, and that the service station or truck terminal serviced and sold petroleum products, automobile accessories and miscellaneous products to said trucks and automobiles.

We suppose the court may assume that automobiles traveling from the east through Arizona to California on Highways 60 and 70 would purchase gasoline and oil at various service stations along the way and would purchase gasoline and oil and other automotive accessories in or near Blythe, California. It is also safe to assume that trucks and automobiles progressing along U. S. Highways 60 and 70 from California to Arizona and eastern states would also purchase gas and oil and other automotive products in California, and more particularly in Blythe, California, to be used after crossing the state line. Plaintiff alleges that oil products, tires and automobile accessories were sold to truck and automobile drivers from the service station and truck terminal maintained and operated by plaintiff.

In the case of United States v. Simpson, 252 U.S. 465, 40 S.Ct. 364, 64 L.Ed. 665, 10 A.L.R. 510, the defendant purchased five quarts of liquor which were transported by him in his automobile across a state line for his personal use, and the sole question before the Court was whether or not such liquor was in interstate commerce. The District Court answered the question in the negative, but the Supreme Court of the United States, by Mr. Justice Van Devanter, was of the opinion that the ques-

tion should have been answered the other way. 252 U.S. at page 466, 40 S.Ct. at page 364, 64 L.Ed. 665, 10 A.L.R. 510, the Court said:

"* * * The introduction could be effected only through transportation, and whether this took one form or another it was transportation in interstate commerce."

If five quarts of liquor purchased in one state and transported by the owner in his own automobile into another state for his own personal use was interstate commerce, we cannot see why the same rule would not apply to gasoline purchased in one state and transported by its owner in his own automobile into another state for his own personal use. The fact that liquor might have been contained in separate containers, while the gasoline and oil would be in the gasoline tank or the motor, would not make any appreciable difference.

Consequently, we are of the opinion that plaintiff and defendant were engaged in interstate commerce, as alleged, and, therefore, the defendant's motion to dismiss should be denied.