**UNITED STATES v. SANDERS.**
No. 4389.

United States Court of Appeals, Tenth Circuit.

May 7, 1952.

Rehearing Denied June 3, 1952.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl. (James M. McInerney, Asst. Atty. Gen., John T. Grigsby and Vincent A. Kleinfeld, Department of Justice, and Paul M. Steffy, Federal Security Agency, all of Washington, D. C., on the brief), for appellant.

Charles E. Dierker, Oklahoma City, Okl., for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

On October 17, 1951, an injunction was entered against appellee, Tom G. Sanders, in the United States District Court for the Western District of Oklahoma, enjoining him from directly or indirectly introducing or causing to be introduced, and delivering or causing to be delivered, for introduction into interstate commerce, in violation of 21 U.S.C.A. § 331(a), a drug which was misbranded within the meaning of 21 U.S.C.A. § 352(b) (1), 352(b) (2), 352(e) (2) and 352(f) (1). Thereafter this action was filed in the nature of an application for an order to show cause why he should not be prosecuted for criminal contempt for a violation of the injunction.

Appellee, defendant below, filed a response to the order to show cause and moved that appellant's application be quashed and that no citation to show cause be issued. A hearing was had on appellee's motion. Judgment was entered denying appellant's application for a citation to show cause. While the trial court made findings of fact and conclusions of law, they are based entirely upon the allegations of the application for the show cause order and the statements of the parties at the time of the hearing thereof and not upon evidence introduced bearing upon the issue of appellee's guilt. That issue could not be before the court for determination until a show cause order had issued. Neither did the decree of the court attempt to pass upon the guilt or innocence of appellee. It merely denied the application for a show cause order on the ground that the allegations of the application were insufficient to state an offense.

■■ Appellee's challenge to the jurisdiction of this court on the ground that the judgment of the trial court constituted an adjudication of guilt and is, therefore, not appealable is not well taken. It is clear that the trial court did not try the issue of guilt or innocence of the appellee. It merely passed upon the sufficiency of the allegations of the application to state an offense, if found true.

An application to show cause why defendant should not be prosecuted for criminal contempt is equivalent to an information charging criminal contempt, under Rule 42(b) of the Federal Rules of Criminal Procedure, 18 U.S.C. and a criminal contempt proceeding is a criminal case within the meaning of 18 U.S.C. § 3731. An order dismissing a criminal contempt proceeding is appealable under the Criminal Appeals Act. [1]

It is admitted that drug in question was misbranded. Appellee's position adopted by the court is that his activities do not constitute interstate commerce as prohibited by the injunction. Prior to the injunction, appellee engaged "runners" or "drummers" who went into states other than Oklahoma and solicited orders for the drug. After the injunction, this method of doing business was discontinued. Appellee sold only to those who came to his place of business at Wanette, Oklahoma, and delivered the drugs to them there. Many of these customers came from states other than Oklahoma.

■ The application for the order to show cause among others alleged that since the issuance of the injunction appellee had at various times and with full knowledge and notice delivered or caused to be delivered for introduction into interstate commerce various quantities of the misbranded drug; that on January 24, 1951, he sold and delivered to Loyd Mangan of Garden City, Kansas, for introduction into interstate commerce two one quart jars of said misbranded drug, with the knowledge that Mangan intended to and would return to Garden City, Kansas, with said article or drug. The complaint alleged five other specific sales made to out of state customers and alleged that all of said sales were made with the knowledge that the purchaser was from out of the state and

1. United States v. Goldman, 277. U.S. 229, 48 S.Ct. 486, 72 L.Ed. 862; United States v. Hoffman, 82 U.S.App.D.C. 153, 161 F.2d 881.

intended to and would return to his place of residence out of the state with said drugs. It alleged that while appellee ostensibly discontinued the practice of using salesmen or so called "runners" to solicit and fill orders from customers outside of the state of Oklahoma he had adopted the practice of selling and delivering his products at Wanette, Oklahoma, directly to out of state customers, soliciting them to return at later dates for more of the product, knowing that at all times said misbranded drug would be transported in interstate commerce by said purchasers for use in other states; that by such conduct he was disregarding and circumventing the decree and was in truth and in fact continuing to engage in the interstate business in the misbranded drug and was indirectly introducing or causing it to be introduced into interstate commerce, in violation of the injunction. For the purpose of considering the correctness of the trial court's ruling on the motion for dismissal of the application, these allegations stand admitted and must be accepted as the facts.

■■ As stated by the Supreme Court in United States v. Walsh, 331 U.S. 432, 434, 67 S.Ct. 1283, 1284, 91 L.Ed. 1585, "The Federal Food, Drug, and Cosmetic Act rests upon the constitutional power resident in Congress to regulate interstate commerce. Article 1, § 8, cl. 3. To the end that the public health and safety might be advanced, it seeks to keep interstate channels free from deleterious, adulterated and misbranded articles of the specified types. * * * It is in that interstate setting that various sections of the Act must be viewed." The Act must be given a reasonable construction to effectuate its salutary purposes. It prohibits not only the introduction into interstate commerce of adulterated articles but also the delivery thereof for introduction into commerce. One is as

much a violation of the Act as the other. There is a long line of cases beginning with In re Dahnke-Walker Milling Co. v. Bondurant, 257 U.S. 282, 42 S.Ct. 106, 66 L.Ed. 239, holding that where one purchases goods in one state for transportation to another the interstate commerce transaction includes the purchase as well as the transportation.[2] The court sought to distinguish the Dahnke-Walker case on the ground that the wheat purchased by a resident of Tennessee in Kentucky for transportation to Tennessee was delivered by the vendor to the vendee on board the cars of a common carrier, to be immediately forwarded to the purchaser's mills in Tennessee. The decisions, however, make it clear that whether delivery for transportation is made to a common carrier, a private carrier, or even to the purchaser for transportation by himself is immaterial.[3]

■ To be guilty of violating the Act, it was not necessary that appellee be engaged in interstate commerce with respect to a misbranded drug. It was sufficient if he was engaged in delivering such a drug for introduction into interstate commerce. If appellee knowingly and regularly sold misbranded drugs and delivered them, knowing that they were purchased for transportation in interstate commerce, and solicited customers to return for future purchases and deliveries, he was guilty of a violation of the Act. The allegations of the complaint for a show cause order alleged that he did all of this and for the purpose of the motion they stand admitted as true. We accordingly conclude that the application stated an offense and that the trial court erred in dismissing the application for a show cause order.

The judgment is Reversed and the cause is Remanded with directions to proceed in conformity with the views expressed herein.

2. Addyston Pipe & Steel Co. v. United States, 175 U.S. 211, 20 S.Ct. 96, 44 L. Ed. 136; United States v. Rock Royal Co-op, 307 U.S. 533, 59 S.Ct. 993, 83 L. Ed. 1446; United States v. Simpson, 252 U.S. 465, 40 S.Ct. 364, 64 L.Ed. 665; Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160; United States v. 7 Barrels, etc., 7 Cir., 141 F.2d 767.

3. United States v. Simpson, 252 U.S. 465, 40 S.Ct. 364, 64 L.Ed. 665; Tobin v. Grant, D.C., 79 F.Supp. 975.