UNITED STATES, Appellant,

v.

Dennis W. MAYE, Appellee.

No. 95–SP–841.

District of Columbia Court of Appeals.

Argued March 27, 1996.
Decided April 25, 1996.

Laura A. Ingersoll, Special Assistant United States Attorney, with whom Cynthia R. Wood, Special Assistant United States Attorney, was on the brief, for appellant.

Roger M. Adelman, Washington, DC, for appellee.

Before TERRY, SCHWELB and FARRELL, Associate Judges.

FARRELL, Associate Judge:

The United States has filed this appeal from an order of the Superior Court refusing to issue an order to show cause why appellee Maye, a Special Agent of the Drug Enforcement Administration, should not be held in

contempt. The United States applied for the show cause order pursuant to D.C.Code § 11–944(a) (1995) ("the Superior Court ... may punish for ... contempt committed in the presence of the court") and Super.Ct.Crim.R. 42(b) (1995) (criminal contempt "prosecuted on notice ... shall be[,] ... on application of the United States Attorney, ... by an order to show cause"), following testimony by Maye at a preliminary hearing which the government contended was deliberately deceptive and materially misleading.[1] The Superior Court, Judge Weisberg, declined to issue the show cause order primarily on the strength of *In re Michael,* 326 U.S. 224, 66 S.Ct. 78, 90 L.Ed. 30 (1945), which, in construing the federal contempt statute, held that perjury does not constitute contempt of court unless some clear additional showing is made of obstruction of the court in the performance of its duty. *Id.* at 227–28, 66 S.Ct. at 79–80.

The government noted an appeal. In its opening brief, it acknowledged that for this court to possess jurisdiction, Judge Weisberg's order must be the legal equivalent of "an order dismissing an indictment or information or otherwise terminating a prosecution in favor of a defendant ... as to one or more counts thereof...." D.C.Code § 23–104(c) (1989). In his brief, appellee did not question this court's jurisdiction. We raised the issue *sua sponte* at oral argument. The government has requested no further briefing of the issue. We now dismiss the appeal for lack of jurisdiction.

In its brief the government concedes that a *motion* for a show cause order under Rule 42(b) is not the same as an indictment or information. As Super.Ct.Crim.R. 7 makes clear, each of those documents is the instrument by which a crime is charged and prosecution formally commences. *See* 8 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 7.02, at 7–7 (2d ed. 1995) ("The indictment or information—together with the plea ... constitute the only pleadings in a criminal case, and set into motion the 'machinery of criminal proceedings'....") (footnotes omitted); 1

CHARLES A. WRIGHT, FEDERAL PRACTICE & PROCEDURE § 121, at 338 (2d ed. 1982) ("An indictment or information is the pleading by which the United States puts forward a criminal charge") (footnote omitted). Their legal equivalent in this case, as the government acknowledges, would be a show cause order issued pursuant to Rule 42(b). Govt. Br. at 14 n. 5. But Judge Weisberg did not issue that order, which leaves the government with the argument that this court has jurisdiction because "the motion's denial *has the same effect* as a dismissal of a show cause order." *Id.* (emphasis added). We are not persuaded.

■ Once the trial court has ordered a person to show cause why he or she should not be held in criminal contempt, and the issue has been joined, a dismissal of the contempt proceeding is the legal equivalent of "terminating a prosecution in favor of a defendant," appealable under § 23–104(c). *Cf. United States v. Goldman,* 277 U.S. 229, 48 S.Ct. 486, 72 L.Ed. 862 (1928) (dismissal of information charging criminal contempt); *United States v. Kelsey–Hayes Co.,* 476 F.2d 265, 266–67 (6th Cir.1973) (dismissal of contempt proceeding appealable under corresponding federal criminal appeal statute). That dismissal, depending on the grounds, may have estoppel and even double jeopardy consequences. *Cf. United States v. Dixon,* 509 U.S. 688, 695–697, 113 S.Ct. 2849, 2855–56, 125 L.Ed.2d 556 (1993) (double jeopardy applicable to criminal contempts). But refusal to issue a show cause order is no different functionally from dismissal of a criminal complaint at a preliminary hearing. *See* Super. Ct.Crim.R. 3, 5(d)(1). Such a dismissal for lack of probable cause is not a final order for appeal purposes any more than is a contrary finding *of* probable cause. *See DeVeau v. United States,* 454 A.2d 1308, 1312 n. 5 (D.C. 1982) (trial court's finding of probable cause "is not a final decision for purposes of review"), *cert. denied,* 460 U.S. 1087, 103 S.Ct. 1781, 76 L.Ed.2d 351 (1983). The dismissal of a criminal complaint leaves the govern-

---

1. According to the government's application for a show cause order, this testimony "culminated [*sic*] an intentional course of conduct designed to conceal the true facts of [an] alleged [drug] trans-

action and the non-existence of probable cause [to support the defendant's arrest in that underlying case], thus obstructing the court in its lawful functions."

ment free to proceed by way of indictment or information. Super. Ct.Crim.R. 5(d)(1).[2] The government conceded at oral argument that procedurally it could have charged Maye by way of information or even grand jury indictment. *See, e.g., Caldwell v. United States,* 595 A.2d 961, 963, 964 (D.C.1991) (indictment under D.C.Code § 11–944(a)). Indeed, it may still do so. But so far it has not chosen that route, instead invoking the authority of the judge to "charge" the offense by a show cause order. His refusal to issue the order was not equivalent to dismissal of an indictment or information because no such document was extant—the government sought that very instrument by its motion.

The government relies solely upon *United States v. Sanders,* 196 F.2d 895 (10th Cir.), *cert. denied,* 344 U.S. 829, 73 S.Ct. 33, 97 L.Ed. 645 (1952), in which the court stated:

> An application to show cause why defendant should not be prosecuted for criminal contempt is equivalent to an information charging criminal contempt, under Rule 42(b) of the Federal Rules of Criminal Procedure, 18 U.S.C. and a criminal contempt proceeding is a criminal case within the meaning of 18 U.S.C. § 3731 [the federal criminal appeal statute].

*Id.* at 897. The dismissal of a criminal contempt proceeding is likewise a disposition embraced by D.C.Code § 23–104(c). But the *Sanders* court offered no reason why an application to show cause "is equivalent to an information charging criminal contempt." The government's only explanation is that both contain a statement of the essential facts relied on to support contempt, and that the judge's rejection of the application on the merits leaves no doubt that he would dismiss an information for the same reason. All of this may be true and yet, as we have shown, denial of the application is not a dismissal of an information or other termination of a prosecution within the meaning of § 23–104(c). We reject *Sanders* as authority for the government's position.

Since the order appealed from does not fall within § 23–104(c), and no other basis for our

jurisdiction has been cited or identified, this appeal is

*Dismissed.*

---

2. Unlike dismissal of a criminal complaint, the dismissal of an indictment or information is appealable even if it is without prejudice to the filing of a new such instrument, in part because that comports with the plain language of § 23–104(c) and in part because of "strictures, both mechanical and as to time, [placed] on re-institution of the charges." *United States v. Cummings,* 301 A.2d 229, 231 (D.C.1973); *see also United States v. Smith,* 330 A.2d 759, 760 n. 1 (D.C. 1975).