### PANKRATZ LUMBER CO. v. UNITED STATES.

.No. 6363.

Circuit Court of Appeals, Ninth Circuit.

May 25, 1931.

Lundin, Barto & Devin, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

The appellant corporation was indicted in two counts, and George and John Pankratz, president and treasurer, respectively, of appellant, were indicted in two counts of separate indictments charging falsification of income tax returns for the years 1927 and 1928 (26 USCA § 1266). The acts and transactions charged in each indictment are substantially the same. George and John Pankratz, as president and treasurer, made the returns for the appellant. The appellant was convicted on count 2, charging falsification of the 1928 return, and the Pankratzes were acquitted on both counts. Appellant contends that the verdict of conviction is fatal because inconsistent and, from denial of motions in arrest of judgment and for a new trial, appeals.

■■ It was said at bar and in the briefs that the indictments were consolidated and tried together. 18 USCA § 557, authorizes consolidation of indictments when the parties are the same and the acts and transactions are the same. When indictments are consolidated they become in legal effect separate counts in one indictment. Kettenbach v. United States (C. C. A.) 202 F. 377. In the instant case the parties are not the same. There is no order of consolidation in the record. The indictments were tried together, submitted on the same evidence, and separate verdicts returned. Separate indictments may be tried by the same jury and on the same evidence by consent of all the parties, even though the parties may not be the same in the indictments.

■ Appellant is a distinct corporate entity, and the fact that its officers are the sole stockholders does not change the status or relation. The theory opposing inconsistent verdicts is no doubt former acquittal. If A is charged in several indictments with the same transactions and acts, and these indictments are consolidated and he is acquitted on one count and convicted on another for the same transactions and acts, to permit the inconsistent verdict to stand would punish him for acts and transactions of which the jury had acquitted him. The finding of not guilty becomes res adjudicata as to A; but B, on the same charge, may not on conviction invoke a not guilty verdict as to A as res adjudicata. In the instant case, irrespective of any view the court may have as to inconsistent ver--

dicts, the appellant may not claim that the verdict of not guilty as to the officers is inconsistent as to it and, therefore, res adjudicata. There is no intimation that the evidence is insufficient to convict appellant; ample evidence is disclosed by the record.

Affirmed.