**SMITH v. UNITED STATES.**

No. 10083.

United States Court of Appeals
District of Columbia Circuit

Argued Jan. 6, 1950.

Decided Feb. 20, 1950.

Mr. Saul G. Lichtenberg, Washington, D. C., for appellant.

Mr. Robert M. Scott, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Before PROCTOR, FAHY and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

Appellant was convicted on seven counts of an eight count indictment, each charging her with receiving money in arranging for a named female to engage in prostitution, etc., in violation of D.C.Code (1940) § 22—2707. Four counts related to one female, three to another. Here, on appeal from the judgment and sentence, she complains as to: (1) joinder of offenses; (2) refusal of the court to direct acquittal on all counts for insufficient proof; (3) admission of evidence as to conditions at her house when she was arrested; (4) presence of government employees and women on the jury.

We think there is no merit to any point raised. 1. The offenses charged in the several counts were of the same character, therefore, joinder was permissible. Rule 8(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. Failure to object to the joinder before trial constituted a waiver. Rule 12(b) (2), Federal Rules of Crim-

inal Procedure. 2. The record reveals ample evidence to justify submission of the seven counts to the jury. 3. Evidence of conditions at appellant's house (details omitted here) at the time of her arrest, which established presence of the two women referred to in the indictment, was competent and relevant in proof of an element of each offense, i. e., their "engagement" in prostitution. 4. Government employees and women are legally qualified for jury service. As to government employees, see: D.C.Code (1940) § 11—1420; U. S. v. Woods, 1936, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78; Frazier v. U. S., 1947, 82 U.S.App.D.C. 332, 163 F.2d 817, affirmed 1948, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187. As to women jurors, see: D.C.Code (1940) § 11—1418. Bias was not to be implied as to either class of jurors. Bias in fact was not shown as to any juror. So far as appears from the record, the panel fulfilled constitutional requirements of an impartial jury. United States Constitution, Sixth Amendment. See above cases. The judgment is affirmed.