**DUNAWAY v. UNITED STATES.**

**Nos. 11467, 11468.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 27, 1953.

Decided June 4, 1953.

Edgerton, Circuit Judge, dissented.

Mr. Herbert S. Marks, Washington, D. C., with whom Mr. Sidney S. Sachs, Washington, D. C. (both of whom were appointed by this Court) and Mr. Dexter M. Kohn, Washington, D. C., were on the brief, for appellant.

Mr. E. Riley Casey, Asst. U. S. Atty., with whom Messrs. Charles M. Irelan, U. S. Atty. at the time of argument, William S. McKinley, Asst. U. S. Atty., and William R. Glendon, Asst. U. S. Atty. at the time of argument, were on the brief, for appellee. Messrs. Leo A. Rover, U. S. Atty. and Joseph M. Howard, Asst. U. S. Atty. at the time the record was filed, also entered appearances for appellee.

Before EDGERTON, CLARK, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appeal claims reversible error due to the consolidation in one trial of three separate indictments against one defendant, the appellant. Each indictment charged housebreaking on a different day and at a different place. Two of the indictments contained additional counts charging larceny at the place alleged in the related housebreaking count to have been entered. At the end of all the testimony the court directed acquittals on the larceny counts because of inadequate evidence. The jury acquitted defendant of one charge of housebreaking and convicted of the other two. For convenience we shall refer to this acquittal as the non-fingerprint case and to the other two, resulting in convictions, as the fingerprint cases. Differences in evidence make these descriptions appropriate.

The consolidation, made on motion of the Government when the cases were called for trial, was then objected to by accused as prejudicial in that the offenses were not alleged to have been committed on the same day.[1] Being of the same or similar character their consolidation was nevertheless permissible under the literal language of Rule 13, Fed.R.Crim.P.,[2] read with Rule 8(a), 18 U.S.C.A.[3] Smith v. United States, 1950, 86 U.S.App.D.C. 195, 180 F.2d 775. But the requirements of Rule 14 must also be met; this Rule provides

"If it appears that a defendant * * * is prejudiced by * * * joinder for trial together, the court may order an election or separate trials of counts * * * or provide whatever other relief justice requires." [4]

Therefore, if because of the consolidation prejudice developed and was not cured by requiring an election or by other relief, material error afflicted the trial. Prejudice has consistently been held to occur when consolidation embarrasses or confounds an accused in making his defense. Pointer v. United States, 1894, 151 U.S. 396, 403, 14 S.Ct. 410, 38 L.Ed. 208; Kidwell v. United States, 1912, 38 App.D.C. 566, 570. See, also, McElroy v. United States, 1896, 164 U.S. 76, 78, 17 S.Ct. 31, 41 L.Ed. 355.[5] Though more than one defendant was involved in the McElroy case the Supreme Court in considering the general subject said that where the accused is deprived of a substantial right the error is revisable, adding,

"* * * even if the defendants are the same in all the indictments consolidated, we do not think the statute [Rev.Stat. § 1024] authorizes the joinder of distinct felonies, not provable by the same evidence and in no sense resulting from the same series of acts.

"Under the third clause relating to several charges 'for two or more acts or transactions of the same class of crimes or offenses,' it is only when they 'may be properly joined' that the join-

1. They were charged as committed on May 7, June 12 and June 15, all in 1949.

2. "The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

3. "(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

4. As said in Pankratz Lumber Co. v. United States, 9 Cir., 1931, 50 F.2d 174, consolidated indictments are in legal effect separate counts of one indictment.

5. These cases were decided under the statute (Rev.Stat. § 1024 (1875)), which antedates the present Rules; but they are still pertinent because of the similarity of the statute and the Rules, as well as because of the stability of criteria for a fair trial.

der is permitted, the statute thus leaving it for the court to determine whether in any given case a joinder of two or more offenses in one indictment against the same person 'is consistent with the settled principles of criminal law,' as stated in *Pointer's case* [Pointer v. U. S., 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208]." 164 U.S. at page 80, 17 S.Ct. at page 32.

On appellate review after trial the courts have hesitated to interfere with the discretion exercised by the trial court. Cataneo v. United States, 4 Cir., 1948, 167 F.2d 820, 823. But in the case cited the appellate court considered that there was but one "transaction" involved in the offenses tried together, unlike the situation before us. And see McNeil v. United States, 1936, 66 App.D.C. 199, 85 F.2d 698. In Rakes v. United States, 4 Cir., 1948, 169 F.2d 739 (opinion by Prettyman, J.), certiorari denied, 335 U.S. 826, 69 S.Ct. 51, 93 L.Ed. 380, the several offenses were said to be based on transactions constituting parts of a common plan, also presenting a different situation. In United States v. Silverman, 3 Cir., 1939, 106 F.2d 750, 752, decided under Rev.Stat. § 1024, it was said,

"The prescription 'which may properly be joined' brings into action no rule of thumb, but rather the sound discretion of the trial court exercised to prevent undue prejudice to the accused";

but the court pointed out that appellant did not at any time feel sufficiently "confounded in his defense" to request the court to compel an election. In United States v. Perlstein, 3 Cir., 1941, 120 F.2d 276, 281, the rule is again stated in terms of a discretion guided by whether the jury would be confused by multiplicity of charges and defendant "embarrassed in his defense". Two conspiracies tried together occupied distinct periods of time. The court, finding the evidence as to one to be irrelevant as to the other, said this might well have justified the trial court in holding the joinder improper, but added that the point had lost its force because the jury evidently were not confused, having acquitted of one conspiracy and convicted of the other.[6] In United States v. Lotsch, 2 Cir., 1939, 102 F.2d 35, 36, heavily relied upon by the United States, the criterion governing discretion was stated as whether "the trial as a whole may * * * become too confused for the jury", the court indicating that two or more transactions of the same class could be joined "properly" the word then used in Rev.Stat. § 1024, if the "defendant can be fairly tried on all the charges at once", a decision resting "in the discretion of the trial judge."

Whether the criteria are stated in terms of deprivation of a substantial right, or of embarrassing or confounding the making of a proper defense, or more generally in terms of whether a defendant can be fairly tried on one or more charges at once, the principles thus expressed place boundaries, though imprecise, to the discretion of the trial judge. The rule in this jurisdiction leans upon Kidwell v. United States, supra, where the court strongly discountenanced joinder for trial of two or more distinct felonies, though of the same class, alleged to have been committed at different times and places, not part of a common plan, and not dependent upon the same proof. The court below in the present case accordingly would have been justified in refusing to consolidate the distinct and separate charges contained in the three housebreaking counts.[7] But in deciding whether new trials should be awarded now we must review the record, as indicated in United States v. Perlstein, supra, in the light of what actually occurred after the consolidated trials went forward, not merely in terms of what might have been a proper course for the court to have pursued when the motions respecting consolidation were made.

When the Government had presented its proof in the non-fingerprint case the

6. The court indicated later in its opinion that the evidence of one conspiracy had a bearing upon the other.

7. Combination for joint trial of the housebreaking and larceny charges, involving the same time and place and depending in considerable part upon the same proof, raises no serious problem.

accused requested [8] the court to reconsider the consolidation, stating, as we interpret his position, that it would be advisable for him to take the stand in that case in order to explain his presence at or near the scene of the alleged crime; whereas in the other two cases in which, as it turned out, the Government rested primarily upon evidence of his fingerprints found in the premises, it might be unwise for him to testify. The request was denied. The prosecution completed its evidence in support of all three indictments. Defendant then took the stand and testified without limitation. The case went to the jury on instructions which elicited no objection. As pointed out previously the court withdrew from the jury both larceny charges and the jury acquitted on the first housebreaking charge and convicted on the other two.

▮ Acquittal on one of several consolidated indictments disposes *pro tanto* of the claim of prejudice. There are cases which indicate it disposes of such claim *in toto*. Beaux Arts Dresses v. United States, 2 Cir., 1925, 9 F.2d 531; United States v. Perlstein, supra; Culjak v. United States, 9 Cir., 1931, 53 F.2d 554, 82 A.L.R. 480; Morris v. United States, 9 Cir., 1926, 12 F.2d 727; Latses v. United States, 10 Cir., 1930, 45 F.2d 949. But to apply here the rationale of these cases would oblige us to treat as one the two fingerprint cases resulting in convictions. There is some warrant for this because the final objection to the consolidated trial rested upon possible prejudice in accused taking the stand in the non-fingerprint case and thus exposing himself in the two fingerprint cases, considered together. But we are by no means convinced that the jury acquittal, considered either alone or with the directed acquittals of larceny, disposes of the claim of prejudice due to the consolidation. See Castellini v. United States, 6 Cir., 1933, 64 F.2d 636. The acquittals do, however, narrow the question, insofar as it turns upon any factor special to this case, to whether or not accused was embarrassed or confounded in his defense by taking the stand in all cases when but for the consolidation he might have testified only in the housebreaking case in which the jury acquitted him. While the question is not free of doubt we conclude that the supposition thus advanced does not warrant new trials. We see no substantial difference between defendant's need to take the stand to explain his physical presence in the non-fingerprint case and his need in the other two cases to explain the presence of his fingerprints. He had a fair choice to take the stand or not uninfluenced to any significant degree by the consolidation. We base this judgment on the facts of this case, without intimating any general approval of consolidated trials where it can fairly be said that by reason of the consolidation the accused is deprived of a choice whether or not to take the stand on any of the charges. It is true that accused here, in choosing to testify, exposed his credibility to attack on the basis of his criminal record; but he himself first went into his record. While no doubt this was in anticipation of the prosecution doing so once he took the stand, we think that in any event his choice to testify, which led to such exposure, cannot be attributed to the consolidation.

This leaves only the question whether reversal is required because, in the language of Kidwell v. United States, supra, "the crimes charged are of such a nature that the jury might regard one as corroborative of the other, when, in fact, no corroboration exists". The evidence of the prosecution in support of each of the finger print cases was not lengthy. It was simple. It was unlikely to cause confusion. The evidence as to each charge was readily referable to the crime with respect to which it was introduced. See United States v. Lotsch, supra. It is unlikely the verdicts of the jury in any of the cases could have turned upon evidence applicable to another. While we are not ready to subscribe to the views expressed in United States v. Lotsch,[9] in contrast

---

8. We construe the request as a motion for separate trials or to require an election by the prosecution.

9. The views referred to are that when several crimes are tried together with danger that the jury will consider evi-

with those set forth in Kidwell **v.** United States, the latter should not be construed to require reversal where the evidence is so separable and distinct with respect to each crime, and so uninvolved, and the offenses are of such nature, that the likelihood of the jury having considered evidence of one as corroborative of the other is insubstantial.

Affirmed.

EDGERTON, Circuit Judge, dissents.

dence of one in determining guilt of the other, in violation of the doctrine that only direct evidence of the transaction charged will ordinarily be accepted and accused is not to be convicted because of his criminal disposition, the evidence is excluded "rather because the issue is practically unmanageable than because it is not rationally relevant." 102 F.2d at page 36. We think the evidence as to one is not always rationally relevant as to the other. The danger is deemed not to be present, and the doctrine referred to is thought inapplicable, on the theory that the evidence will be considered only with respect to the offense as to which it is admitted as relevant.