### THOMAS v. UNITED STATES.
### No. 11912.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 15, 1954.

Decided March 4, 1954.

Writ of Certiorari Denied
May 17, 1954.

See 74 S.Ct. 780.

Mr. John J. Dwyer, Washington, D. C., for appellant.

Mr. Paul F. Leonard, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll and Harold H. Titus, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Mr. William J. Peck, Asst. U. S. Atty., Washington, D.

C., at time record was filed, entered an appearance for appellee.

Before CLARK, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Appellant was indicted on two counts of violating Title 18 U.S.C. § 495,[1] the first charging that he "falsely forged" an endorsement on a check drawn upon the Treasurer of the United States, and the second that he fraudulently "uttered and published as true and genuine" the forged check. After a trial by a jury, he was found not guilty on the first count and guilty on the second. He brings this appeal urging that the court committed prejudicial error in failing to direct a verdict of acquittal on the first count.

Upon a motion for judgment of acquittal, the trial judge must assume the truth of the Government's evidence and give the Government the benefit of all legitimate inferences to be drawn therefrom. When the evidence considered in this light, without conjecture, will "permit the conclusion of guilt beyond reasonable doubt within the fair operation of a reasonable mind", Curley v. United States, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, certiorari denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947), the motion may properly be denied. Under this test, we cannot say that the evidence here with respect to the first count required the trial judge to direct acquittal.

In any event, appellant does not question the sufficiency of the evidence with respect to the fraudulent utterance of the forged check, and his conviction on this second count was clearly warranted.[2] On this record, it does not appear that his conviction on the second count was due to the trial judge's refusal to direct a verdict on the first count. The unchallenged charge to the jury adequately distinguished the two offenses alleged, and the jury's verdict of acquittal on the first count, undoubtedly giving effect to appellant's arguments with reference thereto, demonstrates that the differences were understood. These circumstances make it plain that appellant was not prejudiced by submission of both counts to the jury. Cf. Dunaway v. United States, 92 U.S.App.D.C. 299, 205 F.2d 23 (1953).

The judgment of the District Court is Affirmed.

---

1. 62 Stat. 711 (1948).

2. See Pina v. United States, 165 F.2d 890 (C.A.9, 1948).