Joseph C. **DUNFORD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 6826.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 11, 1954.

Decided Oct. 14, 1954.

Martin Abraham and A. A. Bangel, Portsmouth, Va., for appellant.

William F. Davis, Asst. U. S. Atty., Norfolk, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and BOREMAN, District Judge.

**PER CURIAM.**

This is an appeal from a conviction and sentence under an indictment charging violation of the Harrison Anti-Narcotic Act, 26 U.S.C. § 2554. Appellant is a physician. He was convicted on the testimony of three government agents who, pretending to be narcotic addicts, obtained from him prescriptions enabling them to purchase narcotic drugs. They testified that these prescriptions were issued without examination upon their paying $3 each for the prescriptions. The indictment contained thirty-four counts, each of which charged an offense with respect to a prescription given to one of the government agents. The jury at first returned a verdict of guilty on ten of the counts and reported that it was unable to agree on the other counts. On further consideration of these under direction of the judge, they found appellant guilty on twelve additional counts and the remaining counts were nol prossed. Appellant was fined $100 and given a sentence of five years imprisonment on each of the counts on which he was convicted, the sentences to run concurrently.

At the bar of the court, question was raised as to the constitutionality of the Act; but this question is too well settled to admit of argument. United States v. Jin Fuey Moy, 241 U.S. 394, 36 S.Ct. 658, 60 L.Ed. 1061; Id., 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214; United States v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493; Webb v. United States, 249 U.S. 96, 39 S.Ct. 217, 63 L. Ed. 497; United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619; Linder v. United States, 268 U.S. 5, 45 S.Ct. 446, 69 L.Ed. 819. The only real question in the case was whether the appellant, in giving prescriptions to the government agents, was acting in good faith in the proper practice of his profession or was intending to aid drug addicts to obtain narcotic drugs unlawfully. This question was fairly submitted to the jury in the court's charge; and the jury's

verdict was amply sustained by the evidence. Question has been raised with respect to the joinder of offenses in the indictment; but there can be no question but that the joinder was proper. Rules of Criminal Procedure, rule 8(a), 18 U.S.C.A.; Simpkins v. United States, 4 Cir., 78 F.2d 594; Smith v. United States, 86 U.S.App.D.C. 195, 180 F.2d 775.

Affirmed.