George J. MAURER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12505.

United States Court of Appeals District of Columbia Circuit.

Argued April 27, 1955.

Decided May 5, 1955.

Mr. William A. Tinney, Jr., Washington, D. C., with whom Mr. Wesley S. Williams, Washington, D. C., was on the brief, for appellant.

Mr. E. Riley Casey, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

George J. Maurer, a traffic policeman, was indicted in five counts for accepting bribes from persons to whom he had

1. Haugh v. Watson (1954), D.C., 130 F. Supp. 812.

issued tickets for violating traffic regulations. His pre-trial motion that the Government be required to elect upon which count it would proceed, or for a separate trial on each count, was denied. The motion was renewed several times during the trial, and each time was denied.

At the conclusion of the evidence, appellant's motion for a directed verdict of acquittal as to all counts was granted as to Count 5. The jury found him not guilty under Count 1, and guilty under Counts 2 and 3, but were unable to agree as to Count 4, which was later dismissed on the Government's motion. Concurrent sentences were imposed by the trial judge pursuant to the jury's finding of guilt under Counts 2 and 3.

The question on this appeal is whether the District Court, in denying appellant's motion for an election, or for separate trials of the several counts, abused the discretion which is committed to it by Rule 14 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[1]

The evidence under each count was short, simple, separable and distinct. It does not appear that the appellant was embarrassed or confounded in his defense because all counts were tried together. That the jury clearly understood the differences between the counts is shown by the discernment displayed in acquitting on one charge, convicting on two, and disagreeing with respect to a fourth.[2] In the circumstances, we think there was no abuse of discretion.

Affirmed.

---

1. Rule 14, Relief from Prejudicial Joinder, is as follows:

   "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

2. Cf. Dunaway v. United States, 1953, 92 U.S.App.D.C. 299, 205 F.2d 23.