**Howard C. LANGFORD, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 14878.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 2, 1959.

Decided June 30, 1959.

Mr. Austin F. Canfield, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

Indicted on two counts of robbery, appellant was convicted after a jury trial. Motions for severance, for mistrial and for dismissal of the second count were denied. Concurrent sentences were imposed and this appeal followed, alleging error in the denial of the motions and in various rulings. Appellant also attacked certain language in the charge and the denial of his motion for a new trial.

The first count involved a robbery which occurred about 9:30 A.M. January 30, 1958. A woman storekeeper, working behind her counter, looked up as she heard someone locking the store door. The intruder, wearing a woman's thin stocking intended to conceal his head and face, approached her, took hold of her, pressed a knife against her and demanded that she open the cash register. She did so and then pulled away from him and fled as he abstracted some $70 from the register. Some three weeks later at the police station the victim identified the appellant in a line-up as the person who had pressed the knife against her. Defense counsel's efforts to shake her identification were unavailing. "You see, when somebody scares you so much to death, you remember always the face. You cannot forget it." When appellant later took the stand, he testified he had not robbed the woman. As to the identification he said: "Here's what I want to say. Look. My hair was much longer than it is now. It was five or six inches

in height. Whenever you put something tight over your face, wouldn't it pull your hair down? And wouldn't it move your mouth and ears and nose? If she never seen me before, how would she know me with a stocking on my face?"

He also undertook to explain his whereabouts on the morning of January 30, 1958. He testified that although he was a boxer, he was taking care of the house for a Mrs. Evelyn Mills who, suffering from a strain, was unable to do much work. He received $15 per week and room and board. "I would change the baby's diapers and wash the floor and the dishes because she couldn't lift the baby." It had been represented on *voir dire* that Mrs. Mills would testify in behalf of the appellant. She did not take the witness stand, however. The jury did not believe the appellant.

We will not go into all details as to the second robbery, charged as having occurred sometime after midnight on February 5, 1958. The victim there had been "yoked," as the record has it, almost immediately after he had been ejected from a restaurant where he was said to have caused a commotion following overindulgence in drink. Langford, it was testified, left the restaurant less than a minute later. A special officer hired to protect the premises of private clients, testified that when the victim left the restaurant, there were no people in sight on the street. As he watched for a time, appellant started down the street as did the victim. The victim, wounded about the head and face and covered with blood, reappeared at the door of the restaurant within a minute and a half. The special officer went to the victim's aid, and while supporting him, saw police approaching. Then he looked around and saw the appellant peering in through the restaurant door. He pointed out the appellant to the officers who then had arrived, whereupon Langford took to flight, the witness said.

After the Government had rested and a defense motion to dismiss the second count had been denied, the attorney at a bench conference informed the court: "I am going to tell him I am resting his case

and I am not sure that he will want to do it." Time for a conference was allowed, after which appellant took the stand in his own behalf. He denied participation in both robberies. He talked freely and in great detail, the record shows. He volunteered the information that he had a "record" and had served a sentence of two to three years. He testified he saw the victim named in the second count "thrown out" by the special officer, and that upon leaving some fifteen minutes later, "I went up to McGuire's to see my brother." No witness testified concerning his visit to McGuire's, a night club, but appellant said he later came back and passed the restaurant on his way home. An officer looking for Langford visited many locations including his home and there talked with appellant's wife. The officer returned at 4 A.M. the following day. "The apartment was vacant. They had moved."

It may have seemed to the jury as it does to us, that many conflicts were developed in the appellant's testimony. That an issue of fact arose is obvious. How appellant could possibly have supposed that the jury might resolve it in his favor is not made to appear. The record indicates he seemed to think that arguing away the points against him, somehow or other was to prove helpful to his defense. Instead, he literally talked into the case much damaging evidence which he now contends was "prejudicial" or was made the basis of "prejudicial" argument. There was prejudice, no doubt, but it was not error.

Appellant insists that the trial court erred in denying his motion for severance of the two counts. We do not agree. Dunaway v. United States, 1953, 92 U.S.App.D.C. 299, 205 F.2d 23. He argues that even if severance were properly denied, the Government should have been forced to elect, or the court should have dismissed the second count. Again we do not agree, for the evidence as to each count was short, simple, separable and distinct. Cf. Maurer v. United States, 1955, 95 U.S.App.D.C. 389, 222 F.2d 414.

Appellant's other points [1] largely directed against the second count conviction and most earnestly pressed upon us by appointed counsel, have been fully considered. We cannot find that substantial rights of the appellant were denied. In any event, the sentence on count 1 we find to be valid, and that is sufficient since the sentences were concurrent. Cf. Robinson v. United States, 1954, 93 U.S.App.D.C. 347, 210 F.2d 29.

Affirmed.

Mr. John W. Brennan, Washington, D. C., for appellant. Mr. Sutherland G. Taylor, Washington, D. C., also entered an appearance for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER and DANAHER, Circuit Judges.

---

[1]. His claim on appeal that he should have had new trial counsel is without merit, as the record shows. Denial of his post-conviction motion for a new trial was en-tirely proper. The trial judge recommended that the witnesses be prosecuted for perjury. Langford had his day in court.