Charles R. CHAMBERS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16607.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 2, 1962.

Decided March 29, 1962.

Mr. Ivan V. Kerno, Washington, D. C., with whom Mr. Norman L. Meyers, Washington, D. C. (appointed by this court) was on the brief, for appellant.

Mr. Daniel Rezneck, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant was convicted on an indictment containing six counts of housebreaking and larceny. The first two counts charged him with housebreaking and larceny allegedly committed April 18, 1961; the third and fourth counts charged similar crimes on April 25, 1961; the fifth and sixth counts charged similar crimes on April 27, 1961. Prior to trial, counsel for appellant filed a motion under Fed.R.Crim.P. 14, 18 U.S.C.A.[1] for severance of the counts, which motion was denied by the court. At the trial, the court directed a verdict of not guilty on counts one and two and counts five and six, and allowed the case to go to the jury on counts three and four. A verdict of guilty on the housebreaking count and a verdict of guilty of petit larceny resulted.

On this appeal, appellant urges two errors: (1) the court's denial of appellant's motion for severance of the several counts; and (2) the admitting into evidence of a radio, one of the alleged fruits of the housebreaking.

We think the court acted within its discretion in denying the motion for severance. Rule 8 of the Federal Rules of Criminal Procedure provides that two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or two or more acts connected together or constituting part of the same scheme or plan. We think that under the plain meaning of Rule 8 the consolidation of these counts was proper. Further, no prejudice was shown by the joinder of these counts and, consequently, the court was not in error in refusing to grant the severance. See also Dunaway v. United States, 92 U.S.App.D.C. 299, 205 F.2d 23 (1953).

The other error urged we find equally without merit. See McQuaid v. United States, 91 U.S.App.D.C. 229, 198 F.2d 987 (1952), cert. denied, 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715 (1953).

Further, appellant admittedly had possession of a stolen ring taken at the same time and as the product of the same housebreaking.

Affirmed.

1. "Rule 14. *Relief from Prejudicial Joinder.*—If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."