**Hubert L. MARCUM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 21, 1965.

William P. Runnels, Lexington, for appellant.

Robert Matthews, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

This is an appeal of three cases that were tried together in the Fayette Circuit Court on separate appeals from the Lexington Police Court.

On July 7, 1960, appellant's license to operate a motor vehicle was revoked because he had been convicted of driving while intoxicated, and it has never been re-issued.

On May 10, 1963, appellant was arrested and charged with the offense of operating a motor vehicle without a license.

On May 16, 1963, appellant was again arrested and charged with operating a motor vehicle without a license and while under the influence of intoxicating liquor.

Appellant was convicted of driving without a license on May 10, 1963. He was convicted of driving without a license on May 16, 1963. He was convicted also of driving while intoxicated—second offense —on May 16, 1963.

Appellant urges as grounds for reversal that (1) there was an improper joinder of offenses and each one should have been tried separately, (2) improper testimony was admitted, and (3) no instruction concerning driving while intoxicated should have been given.

RCr. 6.18 provides:

"Two or more offenses may be charged in the same information or two or more offenses whether felonies or misdemeanors, or both, may be charged in the same indictment in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan."

RCr 9.12 provides that the court may order two or more indictments or informations or both to be tried together if the offenses can be joined in a single indictment or information.

■ It is important, however, that the offenses be of the same or similar character in order that they be properly joined for trial. It is difficult to lay down a rule by which such similarity may be recognized, and the trial court in the exercise of sound discretion should be given broad power in deciding which offenses have similar characteristics. The admissibility of evidence of other crimes in separate trials is a significant factor in determining whether joinder of crimes for trial is prejudicial. Drew v. United States, 118 U.S. App.D.C. 11, 331 F.2d 85. On the other hand there is no prejudicial effect from joinder of crimes for trial when evidence of each crime is simple and distinct even though such evidence might not have been admissible in separate trials. This rule rests upon the assumption that a properly instructed jury can easily keep such evidence separate in their deliberations and therefore the danger of cumulative effect of evidence is substantially avoided. United States v. Crosby, C.A.N.Y., 314 F.2d 654. It appears also that time is of some importance in deciding whether offenses may be tried together. In Chambers v. United States, 112 U.S.App.D.C. 240, 301 F.2d 564, it was held that consolidation of counts arising out of three acts of housebreaking and larceny allegedly committed by the de-fendant on three dates within one month was proper. See also Langford v. United States, 106 U.S.App.D.C. 21, 268 F.2d 896.

■ We have no difficulty in deciding that the offenses for which appellant was tried were similar; in fact, the whole sequence of events and the punishment imposed could have been considered one integral crime; his driver's license was revoked because he was convicted of driving while intoxicated; he was later arrested and convicted for operating a motor vehicle without a license; less than a week later, he was again arrested for operating a car without a license and while drunk. In a way each one of the public offenses was contingent and resulted from the offense which had been previously committed. The punishment was also made more severe by statute because of the prior offense. The charges were properly tried together.

■■ Appellant next complains that the assistant to the commissioner of public safety was permitted to testify concerning matters of the previous revocation of his driver's license under circumstances above related, but failed to produce either his official records or the actual court records concerning such convictions and therefore violated the best evidence rule. That rule requires one to introduce the most authentic evidence which is within the power of one to produce, but in practical application it applies almost exclusively to documentary evidence. Napier v. Com., 306 Ky. 75, 206 S.W.2d 53 and 22A C.J.S. Criminal Law § 692. It is concerned with the *content* of a written instrument. Bower v. Com., Ky., 357 S.W.2d 333. For instance, when the meaning of a contract is at issue it is best to require the production of the written instrument—or account for its absence—but where its content is not directly in issue, the subject of documents which are not the foundation of the action may be proved by parol evidence. Bower v. Com., Ky., 357 S.W.2d 333, and

Catlin v. Justice, 288 Ky. 270, 156 S.W. 2d 107.

 In the case under consideration, there could be no issue as to the interpretation of the words used in making an entry in the records of the department of safety concerning whether appellant's license had been revoked. The matter in issue was whether the department had, in fact, performed the act. The evidence given by the assistant to the commissioner of public safety was competent. Moreover, appellant took the stand in his own behalf and testified that he had been convicted of driving while under the influence of intoxicating liquor and as a consequence his driver's license was revoked. It is a general rule that a judicial admission by accused of his former conviction dispenses with the need of further proof of such fact. 24B C.J.S. Criminal Law § 1968. While this was not strictly a judicial admission, nevertheless we believe that where the accused voluntarily takes the stand and upon cross-examination admits his prior conviction, such a statement is sufficient proof of it. See Anderson v. Com., 176 Ky. 373, 195 S.W. 974, and Nash v. Com., Ky., 272 S.W.2d 464.

 If we understand appellant's final contention, it is this: Officer Traynor arrested appellant Marcum on May 10, 1963, for driving without an operator's license. He testified that "Marcum was well under the influence, but not hardly enough to charge him with drunken driving." Marcum was therefore charged with one offense only. On cross-examination counsel for appellant attempted to ask the officer about a statute—evidently KRS 189.520—but the court properly intervened and sustained an objection to the question. KRS 189.520 deals with the offense of operating a motor vehicle on a highway while under the influence of intoxicating liquors or narcotic drugs, and subsection (3) reads: "No peace officer or State Police officer shall fail to enforce rigidly this section."

On this appeal appellant argues that the jury should have been instructed concerning subsection (3) or, in any event, the jury should have been admonished that he was not being tried under that particular count for driving while under the influence of intoxicating liquors at the time he was arrested. We find no substance in this argument. The instruction in this regard given by the court made no reference to an offense other than that of driving without a license. The offense of driving while intoxicated was covered by another instruction.

Judgment affirmed.