Haskell Edward JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17967.

United States Court of Appeals
Eighth Circuit.

Feb. 18, 1966.

Rehearing Denied March 11, 1966.

681

Thomas M. Haas, Mobile, Ala., made argument for appellant and filed brief.

Parnell J. Donohue, Asst. U. S. Atty., Sioux Falls, S. D., made argument for appellee and filed brief. Harold C. Doyle, U. S. Atty., Sioux Falls, S. D., on the brief.

Before VAN OOSTERHOUT and ME-HAFFY, Circuit Judges, and MERE-DITH, District Judge.

MEREDITH, District Judge.

This is an appeal from the United States District Court for the District of South Dakota, where the appellant was convicted by a jury on five counts of an indictment charging violation of the Mann Act, 18 U.S.C. 2421. The indictment alleges the transportation of various females for the purpose of prostitution, debauchery and other immoral purposes as follows: Count 1, on or about

December 25, 1962, from Billings, Montana, to Deadwood, South Dakota; Count 2, on or about January 1, 1963, from Miles City, Montana, to Deadwood, South Dakota; Count 3, on or about February 1, 1963, from Nashville, Tennessee, to Deadwood, South Dakota; Count 4, on or about February 22, 1963, from Deadwood, South Dakota, to Miles City, Montana; and Count 5, on or about April 15, 1963, from Paducah, Kentucky, to Deadwood, South Dakota.

The appellant was sentenced to five years and $1,000 on each of Counts 3, 4 and 5, to run consecutively, and five years on each of Counts 1 and 2; the sentence on Count 1 to run concurrently with Count 3 and the sentence on Count 2 to run concurrently with Count 4. Appellant had retained counsel, made bond of $25,000 pending appeal, and the District Court permitted him to appeal in forma pauperis.

The appellant contends he is entitled to a new trial and these matters will be discussed under the following headings: (1) the appellant was denied a fair trial because the verdict was not supported by the evidence, the motion of appellant for severance of each of the counts before the trial began was denied causing a cumulative effect upon the jury as to the evidence in each of the counts, and appellant was not allowed to cross-examine witness Raymond Vaughn as to whether or not he had been promised immunity or otherwise improperly influenced by agents of the government in order to secure false testimony; (2) the appellant is entitled to a new trial because the trial judge improperly chastised appellant's attorney in the presence of the jury; (3) error was committed because the jury was permitted to consider an alleged past conviction in a similar case, such evidence being admissible only when the defendant testifies in his own behalf, which defendant did not do in this case; and (4) the appellant is entitled to a new trial because of the improper conduct of the prosecution in permitting the witnesses to use the courtroom to rehearse their testimony prior to trial and in referring in closing argument to the jury to appellant's past conviction which was improperly admitted into evidence.

■ The appellant moved for a judgment of acquittal at the close of the government's case and at the close of the entire case. A review of the entire record shows that there was ample evidence from which the jury could make a finding beyond a reasonable doubt as to the guilt of the appellant on all five counts of the indictment.

■ Under Rule 8(a), Federal Rules of Criminal Procedure, joinder of offenses is ordinarily appropriate where, as here, the specific counts refer to the same type of offenses, occurring over a relatively short period of time, and the evidence as to each count of necessity overlaps. The prime consideration in determining whether or not to grant a severance is the possibility of prejudice to the defendant in conducting his defense. Weighing the danger of confusion and undue cumulative inference is a matter for the trial judge within his sound discretion. His denial of severance is not grounds for reversal unless clear prejudice and abuse of discretion is shown. There has been no such showing here. It is not enough simply to show that such joinder makes it more difficult to defend. See Rule 14, F.R.Cr.P.; Smith v. United States, 86 U.S.App.D.C. 195, 180 F.2d 775 (1950); Finnegan v. United States, 204 F.2d 105 (8 Cir. 1953), cert. den. 346 U.S. 821, 74 S.Ct. 36, 98 L.Ed. 347; Langford v. United States, 106 U.S.App. D.C. 21, 268 F.2d 896 (C.A.D.C.1959); Pummill v. United States, 297 F.2d 34 (8 Cir. 1961); Butler v. United States, 317 F.2d 249 (8 Cir. 1963), cert. den. 375 U. S. 838, 84 S.Ct. 77, 11 L.Ed.2d 65.

■ During the cross-examination of witness Vaughn the appellant's counsel elicited the fact that in April 1963 Vaughn had been taken to the city jail in Nashville, Tennessee, questioned by an FBI agent, locked up in the jail and advised by the officers that he could go to the penitentiary for failing to register for the draft. The Court sustained an

objection to the question: "Did they tell you that five years was the penalty?" Appellant's attorney in making a record thereafter stated that he was attempting to show that the witness had made statements to the FBI which tended to incriminate the defendant and to some extent the witness himself and that his testimony at the trial was continuing along the lines of the statement because of the fear the government agents had engendered in the witness that he might have been prosecuted for violation of the Selective Service Act or the White Slave Traffic Act. This particular witness admitted that he had been convicted of burglary and had served time in the penitentiary. A review of the entire cross-examination on the case in chief and in rebuttal discloses that appellant's counsel brought out before the jury the circumstances of his arrest in Nashville and was permitted adequately to show to the jury that this witness may have been influenced by the fact that he was not prosecuted by the government. In closing argument the appellant's counsel, without objections from the government or the Court, vigorously stated that this particular witness was equally as guilty as the defendant, but was not prosecuted. We find no prejudicial error in the Court's cutting off the cross-examination of Vaughn and sustaining an objection at the time it did.

The chastisement which appellant's counsel refers to consisted of the following remarks between counsel and the Court:

"Mr. Doyle: (attorney for the government) That's objected to, Your Honor.

"The Court: That may go out. It's uncalled for and the jury may disregard it.

"Mr. Haas: (attorney for appellant) Defendant respectfully excepts.

"The Court: You don't need to except. I told you before, and I don't want any remarks of that kind again.

"Mr. Haas: Yes, sir. That's all I have of this witness."

On several occasions prior to that time, the Court had explained to appellant's attorney that it was not necessary for him to except to each ruling since, under the Rules, it is sufficient to object to the admission of evidence and a formal exception is not necessary to preserve the objection. It is preferable, of course, that admonitions to counsel be made outside the hearing of the jury, but, for such conduct to constitute grounds for reversal it must appear that it in some way operated to deprive defendant of his right to a fair and impartial trial, such as functioning to deprive him of effective assistance of counsel, Zebouni v. United States, 226 F.2d 826 (5 Cir. 1955), or adversely influencing and prejudicing the jury. The admonitions involved here did not reflect on the merits of the defense and clearly were not of such a nature as to prejudice the jury or unduly hamper defendant's attorney. See Woodring v. United States, 311 F.2d 417 (8 Cir. 1963), cert. den. 373 U.S. 913, 83 S.Ct. 1304, 10 L.Ed.2d 414, and compare United States v. Coke, 339 F.2d 183 (2 Cir. 1964).

Appellant's third and fourth contentions will be discussed jointly. During the direct examination of witness Betty Lou Kelsey, the government's attorney inquired whether she had any conversation with appellant concerning state lines. She answered affirmatively and said:

"He told me that if I ever got busted—arrested, to not tell them that he took me across the state line because it was a federal offense and that he had served time once before for that."

Appellant's objection and motion to exclude this statement were overruled by the Court. Appellant's attorney then moved for a mistrial which was also denied. The Court was not requested to caution the jury on the limited competence of such testimony. During closing argument, the attorney for the govern-

ment made reference to this testimony on two occasions. The first reference occurred in the context of an effort to overcome the intimation, allegedly raised by the defense, that the government had tried to fabricate a case against this defendant with witnesses of admitted unsavory background. The appellant's objection was overruled. The second reference took place in a more generalized context, the government's attorney stating:

"You see, I think the thing that is important, gentlemen of the jury, is that we've got a fellow here, and according to Betty Kelsey, you remember her testimony, he told her he had done time before for this sort of thing—"

The appellant again objected and moved for a mistrial. The Court sustained the objection and denied the mistrial, as follows:

"You will disregard the last statement, and remember that argument of counsel do not constitute evidence. Motion denied."

Appellant argues that prejudicial error exists because the Court did not explicitly instruct that the testimony of Betty Kelsey could be used only for the purpose of showing the intent of appellant and that it should in no way be considered as evidence of the commission of the offenses for which he was being tried. The appellant made no request for such an instruction, although an objection was entered to the instruction which the Court gave on intent. That objection went only to the propriety of admitting evidence of prior convictions to establish the element of intent. The instruction given was as follows:

"You may also on the question of such intent, and for that purpose only, consider the testimony which has been submitted and generally bears on the question of the defendant's knowledge or familiarity with prostitution but which is such that it doesn't specifically relate to the crimes specified in each count."

Prejudicial error is also alleged on the basis of improper conduct by the government's attorney. The reference to Betty Kelsey's testimony in the closing argument is cited and also the fact that the evidence showed that the attorney for the government had some of the witnesses rehearse their testimony in the courtroom where the trial took place.

The law is clear that evidence of the commission of other crimes is incompetent and inadmissible for the purpose of showing the commission of the crime charged. This rule is based on the common-sense proposition that such evidence draws the attention of the jury away from the real issues and injects an additional and confusing burden upon the defense. But, there are broad exceptions to this rule; such evidence is admissible to show motive, identity, a common scheme or plan, guilty knowledge or intent, etc. Kempe v. United States, 151 F.2d 680 (8 Cir. 1945); Williams v. United States, 272 F.2d 40 (8 Cir. 1959), reh. den. 1960. Generally speaking, such evidence will be found extremely prejudicial and require reversal unless the reference to prior offenses is clear and cogent and an explicit instruction as to its limited competence is given, Paris v. United States, 260 F. 529, 531 (8 Cir. 1919). However, these are not rules which establish per se criteria for a new trial. Our concern remains a realistic inquiry as to whether the defendant has been prejudiced. The context and manner in which the evidence is proffered must be considered. This evidence must be evaluated in relation to the entire proceedings. The presence or absence of a request for a special instruction must be weighed. Careful consideration of the entire setting convinces us that undue prejudice did not result in this case. In the first place, the reference to prior convictions was not so vague or speculative as to confuse appellant's defense. The transcript of the sentencing proceedings shows that appellant did have prior convictions and was quite aware of them. Secondly, a reading of the entire transcript shows that this mat-

ter was but a minor part of a lengthy trial in which the government adduced voluminous evidence to support conviction. Third, the context and manner in which this evidence came out was such as to naturally restrict its impact on the jury, relating to appellant's knowledge and intent in his dealings with Betty Kelsey. Finally, an instruction directed to this type of evidence was given and the Court's handling of the two objections during closing argument made clear that this evidence was to be considered only in regard to appellant's intent in his dealings with Betty Kelsey.

 It is even more apparent that undue prejudice did not result from the alleged improper conduct of the government attorney. We do not recommend the practice of rehearsing witnesses in the courtroom nor the use of improper argument. The responsibility of the United States Attorney is well stated in United States v. Keenan, 267 F.2d 118, 124 (7 Cir. 1959):

> "There is, indeed, basis for some criticism as to the manner in which the prosecuting attorney conducted himself. At times he seemed to forget the admonition in Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314, that a United States Attorney is the representative of a sovereignty whose obligation is to govern impartially ' * * * and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done * * *'."

The primary responsibility for insuring that these standards are adhered to must be lodged in the considered discretion of the trial judge who is in a position to evaluate such matters in their true setting, and in this instance there has been no abuse of this discretion. Blauner v. United States, 293 F.2d 723 (8 Cir. 1961); Cochran v. United States, 310 F.2d 585 (8 Cir. 1962). Instances of improper argument or conduct, considered in relation to the entire proceedings, are seldom such that they can

be deemed to deprive one of a fair trial, McFarland v. United States, 80 U.S.App. D.C. 196, 150 F.2d 593 (C.A.D.C.1945); Homan v. United States, 279 F.2d 767 (8 Cir. 1960), unless the evidence is so tenuous and indecisive that a slight encroachment assumes great importance. Handford v. United States, 249 F.2d 295 (5 Cir. 1957). Considering the record in its entirety, there was no prejudicial error.

The judgment of the court below is affirmed.