**STATE of Delaware**

v.

**Timothy J. ELLIS, Joseph R. Wampler, Defendants.**

Superior Court of Delaware, New Castle County.

Submitted May 24, 1977.

Decided June 9, 1977.

Charles Meuse, Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State of Delaware.

Joseph B. Green, Asst. Public Defender, Wilmington, for defendant Ellis.

Jay H. Conner, Conner, Daley, Erisman & VanOgtrop, Wilmington, attorney for defendant Wampler.

TAYLOR, Judge.

Defendants were indicted in a single indictment for offenses alleged to have occurred on March 15, and March 18, 1977. With respect to the March 15, 1977 charges, the charges are: assault second degree, conspiracy second degree, terroristic threatening and criminal mischief. With respect to the March 18, 1977 charges, the charges are: assault second degree and conspiracy second degree. Both defendants are named in all of the charges with the exception of the charge of criminal mischief on March 15, 1977 in which only defendant Ellis is named.

Two of the Criminal Rules of this Court are pertinent to the issue presented here. Rule 8 permits two or more offenses to be charged in the same indictment or information in a separate count for each offense if the offenses "are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 14 provides "if it appears that a defendant or the State is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

In this instance, the Attorney General contends that the circumstances surrounding the two separate assaults are very similar and hence are properly joined under Criminal Rule 8(a). Defendants' response is that the joinder does not meet the test laid down in the Delaware Supreme Court in *Mayer v. State,* Del.Supr., 320 A.2d 713 (1974). While *Mayer* sustained the refusal of the trial court to sever charges because in that instance the charges were "based on *the same act or transaction,*" the language used in that decision does not indicate that the Supreme Court intended to construe the language of Criminal Rule 8(a) to be confined to offenses growing out of the same act or transaction or to limit the meaning of the words "of the same or similar character" as found in Rule 8.

Many cases applying the similar Federal Rule have permitted joinder of charges involving similar offenses committed by the same defendant within a short time of each other, but on different dates. *Johnson v. U. S.,* 8 Cir., 356 F.2d 680 (1966); *Smith v. U. S.,* 5 Cir., 357 F.2d 486 (1966); *Gray v. U. S.,* 123 U.S.App.D.C. 39, 356 F.2d 792 (1966); *Terry v. U. S.,* 5 Cir., 310 F.2d 715 (1962); *Chambers v. U. S.,* 112 U.S.App.D.C. 240, 301 F.2d 564 (1962); *U. S. v. Koury,* 6 Cir., 319 F.2d 75 (1963); *Pummill v. U. S.,* 8 Cir., 297 F.2d 34 (1961); *Langford v. U. S.,* 106 U.S.App.D.C. 21, 268 F.2d 896 (1959); *Smith v. U. S.,* 86 U.S.App.D.C. 195, 180 F.2d 775 (1950); *Edwards v. Squier,* 9 Cir., 178 F.2d 758 (1949); *Brandenburg v. Steele,* 8 Cir., 177 F.2d 279 (1949); *Archambault v. U. S.,* 10 Cir., 224 F.2d 925 (1955); *Dunford v. U. S.,* 4 Cir., 216 F.2d 184 (1954); *U. S. v. Harvick,* D.N.D., 153 F.Supp. 696 (1957).

It is not necessary to review the factual similarities as proffered by the Attorney General at the argument. It is sufficient for purposes of this opinion to conclude that the requirement that the charges be of the same or similar character is met according to the factual setting proffered by the Attorney General.

The remaining question is whether the joinder of the offenses for trial prejudices defendant requiring separate trials of the counts pursuant to Rule 14. There exists the possibility and probability that a jury faced with the fact that a defendant has been charged with more than one offense may be more inclined to feel that a defendant is guilty than would be the case if the jury is informed of only one offense charged against the defendant. For this reason, the general proposition exists that in the trial involving a particular offense, the fact cannot be put in evidence that the defendant is charged with or has been convicted of other offenses. *State v. Brown,* Del.Gen.Sess., 3 Boyce 499, 85 A. 797 (1912);

*Effler v. State,* Del.Super., 4 Boyce 62, 85 A. 731 (1913). This rule is subject to exceptions. One exception recognized in this State is that "where the intent with which an alleged offense was committed is a material element of the charge and such intent becomes an issue at the trial, proof of other similar offenses, within certain reasonable limit, is admissible, as tending to throw light on the intention of the accused in doing the act complained of." [1] *State v. Clough,* Del.Gen.Sess., 3 W.W.Harr. 140, 132 A. 219 (1925); *State v. Brown,* supra; *Effler v. State,* supra. This principle has been generally accepted. 1 *Wharton's Criminal Evidence* § 245, p. 557. It has been specifically recognized to be applicable in case of a charge of assault. Ibid. Intent is an element of the felony charges with which defendants are charged. Under the principle discussed above, even if the charges were severed, evidence showing commission of the other similar crime within a few days could be admitted at the trial. Hence, the impact upon the jury would be substantially the same regardless of whether the jury hears the evidence as to both charges as a part of a single trial of both charges or whether the jury hears the evidence of both charges under the principle discussed above at each of the severed trials.

■ The concept of permitting consolidation of trials of similar or related offenses, absent a showing of prejudice to the defendant is well established. 2 *Wharton's Criminal Procedure* § 302, p. 149. Exemplary of this principle is *Commonwealth v. Grosso,* 192 Pa.Super. 513, 162 A.2d 421 (1960).

From the foregoing analysis, I conclude that the trial of the charges involving an incident occurring on March 15 with those involving a similar incident occurring on March 18, 1977 does not create prejudice to defendants and that separate trials of the charges on the respective dates is not warranted. Accordingly, defendants' motion for severance is denied.

IT IS SO ORDERED.

---

1. A defendant is entitled to a jury instruction explaining the limited effect of the evidence of the other similar offense. Ibid.