the trial concerning the oral confession described above. Appellant took the stand and offered an alibi. He denied having confessed to the officers.

On appeal, appellant's present court-appointed lawyer (who did not represent him at the trial) urges an important and novel point—namely, that the failure to assign counsel in the preliminary proceedings before the United States Commissioner violated his constitutional rights under the Fifth and Sixth Amendments, and that the confession obtained by the police must accordingly be excluded. But the points now made were not raised in the District Court. No objection of any kind was made to the introduction of appellant's oral confession. The District Court was not told of the fact that appellant lacked counsel at the preliminary proceedings, nor was any relief asked on that score. Certainly, in view of the admitted fact that the Commissioner did exactly what Rule 5(b) required him to do, we cannot say that there was "plain error" under Fed. R.Crim.P. 52(b).

Under the circumstances, the appellant's conviction must be

Affirmed.

---

Mr. Leonard S. Melrod, Washington, D. C., with whom Mr. E. David Harrison, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Gerald A. Messerman, Asst. U. S. Atty. with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, Asst. U. S. Atty., and Arthur J. McLaughlin, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Before DANAHER, BURGER and WRIGHT, Circuit Judges.

**Bernard E. WILLIAMS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17349.**

United States Court of Appeals District of Columbia Circuit.

Argued March 20, 1963.

Decided March 28, 1963.

PER CURIAM.

Appellant seeks review of conviction on one count of rape and one of rape and robbery which were joined in one indictment and tried together after denial of motion for severance. The two offenses occurred within a period of 12 days and at precisely the same place and under similar circumstances. Verdicts of guilty were returned but the death sentence was not fixed by the jury. Sentences of one to three years on the robbery count, and 10 to 30 years on each of the rape counts were imposed, to run concurrently.

Court appointed counsel has diligently briefed and ably argued this case but

**546**

our examination of the record and authorities in light of his contentions discloses no error which would warrant disturbing the judgment.

Affirmed.

Irvin C. SCARBECK, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 16739, 16952.

United States Court of Appeals
District of Columbia Circuit.

Argued June 7, 1962.

Decided Dec. 31, 1962.

Petition for Rehearing En Banc Denied
En Banc Feb. 28, 1963.

As Amended March 12, 1963.

Certiorari Denied June 17, 1963.
See 83 S.Ct. 1897.

