Vincent J. **DALY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18686.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 3, 1964.

Decided Dec. 17, 1964.

Petition for Rehearing en Banc
Denied March 1, 1965.

Mr. John J. Dwyer and Mrs. Jean F. Dwyer, Washington, D. C., for appellant.

Mr. Edward J. Pesce, Atty., Dept. of Justice, with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Paul A. Renne, Asst. U. S. Attys., were on the brief, for appellee.

Messrs. Daniel J. McTague and John A. Terry, Asst. U. S. Attys., also entered appearances for appellee.

Before EDGERTON, Senior Circuit Judge, and BASTIAN and McGOWAN, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction, after a jury trial, of fifteen counts of an indictment which originally numbered twenty-seven. The principal contention pressed on this appeal is founded upon the joinder for trial of this large number of counts. For the reasons appearing hereinafter, we do not think reversal is required.

As returned by the grand jury, the indictment contained five felony counts for false pretenses; and twenty-two misdemeanor counts, of which thirteen were for unlawful practice of the healing arts, five for unlawful possession of dangerous drugs, and four for unlawful delivery of dangerous drugs.[1] Prior to trial appellant moved to sever the counts for trial or to require an election between them. His claim essentially was that the submission of proof by the prosecution in the same trial of such a large number of different offenses, involving at least seven complaining witnesses, would tend to mislead the jury and cause it to convict because of the sheer number of the

---

1. At the start of the trial, leave was granted to the Government to dismiss six misdemeanor counts because of the un-    availability of witnesses for reasons of health.

offenses charged rather than by reference to the merits of each. However, appellant recognizes, as he must, that the Federal Rules of Criminal Procedure expressly contemplate the joinder of separate offenses under certain circumstances. Rule 8(a), set forth fully in the margin,[2] says that this may be done when the offenses "are of the same or similar character," or when they are comprised of acts "connected together or constituting parts of a common scheme or plan."

The offense against the community for which appellant has essentially been held to account was that of falsely holding himself out to the public as a licensed physician, and of performing acts in the course of that deception which a layman is forbidden to do. Since his operations continued over a significant period of time, it is hardly surprising that a large number of separate statutory violations were asserted to have occurred, or that these fall into a similar and recurring pattern. We have no difficulty whatever in concluding that the offenses in question fall within both standards for joinder set forth in Rule 8(a); and that there was no error in rejecting appellant's efforts, either in advance of trial or at its commencement, to seek a severance or an election. See FED.R.CRIM.P. 14.

It is, of course, true that pre-trial disallowance of severance does not foreclose the issue for all purposes. Trials involving large numbers of separate offenses are not the favorites of the law, and they carry the built-in hazards that confusion or abuse may develop in such degree during the course of trial as to necessitate subsequent severance or election, or the declaration of a mistrial, in order to avoid undue prejudice. See Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964). But we find no basis in this record for saying that such prejudice did in fact result from events occurring at trial, and we are comforted in this conclusion by remarking that error is not claimed here in respect of any renewal, on the ground of actual prejudice, of the pre-trial claim of potential prejudice. It seems to us, on the contrary, that the trial judge was commendably alert to the dangers to appellant inherent in the trying together of the large number of offenses charged against him, and that the judge's interventions, of which appellant complains here, in substantial part reflected this alertness and his corresponding care to enable the jury to relate the proofs to the separate offenses charged. It is perhaps not without significance in this regard that, at the close of the Government's presentation, the trial judge granted leave to the prosecution to dismiss two of the misdemeanor counts, and directed an acquittal on one of the felony counts and three additional misdemeanor charges.

We have examined the other points urged upon us by appellant, and we find in them no warrant for reversal. Accordingly, the judgment of conviction is

Affirmed.

---

2. **Joinder of Offenses.** Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.