**Jerry D. GRAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19461.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 30, 1965.

Decided Jan. 6, 1966.

Mr. John Robert Ewers, Washington, D. C. (appointed by this court), for appellant.

Mr. John A. Terry, Asst. U. S. Atty., for appellee. Mr. John C. Conliff, Jr., U. S. Atty. at the time the brief was filed, Messrs. Frank Q. Nebeker, Harold H. Titus, Jr., and Henry J. Monahan, Asst. U. S. Attys., were on the brief, for appellee.

Before BASTIAN, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

BASTIAN, Senior Circuit Judge:

Appellant was convicted on two counts of robbery and received concurrent sentences.

On this appeal, appellant's counsel urges that appellant was prejudiced by being tried on both counts at the same time, and cites FED.R.CRIM.P. 14.[1] We think it clear that the joinder was permissible under FED.R.CRIM.P. 8(a).[2]

Appellant relies heavily on Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964). In that case, however, timely protest was made in the trial court "before, during and after the trial." In the instant case, no protest was ever made. Despite this fact, we have carefully searched the record to determine whether there was plain error affecting substantial rights. FED.R.CRIM.P. 52(b).

In our opinion, there is no basis, in this record, for holding that the joinder and trial of these two counts in fact resulted in prejudice to appellant. The two offenses occurred on different nights within one month of each other, in the same apartment building; and the *modus operandi* was the same in each case, although two different women were involved. Appellant situated himself, in each instance, in the blind corner of the passenger elevator (the doors of which opened only three-quarters of the way) and, as it moved, he assaulted and robbed each of the two women. Appellant was identified by each of the victims, the distinction between the two offenses was made evident by the testimony, and the trial judge was careful to review separately the evidence as to each of the two offenses. (Daly v. United States, 119 U.S.App.D.C. 353, 342 F.2d 932 (1964), cert. denied, 382 U.S. 853, 86 S.Ct. 102, 15 L.Ed.2d 91, Oct. 11, 1965.)

We have examined the other points urged by appellant and find no error. Accordingly, the judgment of the District Court is

Affirmed.

---

1. *Relief from Prejudicial Joinder:* "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

2. *Joinder of Offenses:* "Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."