Howard J. CONTE, Petitioner-Appellant,

v.

Harold J. CARDWELL, Warden Ohio
State Penitentiary, Respondent-
Appellee.

No. 71–1745.

United States Court of Appeals,
Sixth Circuit.

June 29, 1972.

Rehearing Denied March 2, 1973.

Richard F. Swope, Thompson, Swope & Burns, Reynoldsburg, Ohio, for petitioner-appellant.

Leo J. Conway, Asst. Atty. Gen., William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and WILSON,* District Judge.

* The Honorable Frank W. Wilson, Chief Judge, United States District Court for the Eastern District of Tennessee sitting by designation.

FRANK W. WILSON, District Judge.

This is an appeal from the order of the District Court denying a state prisoner's petition for federal habeas corpus relief. The record upon this appeal reflects that the petitioner was convicted upon four counts of participating in two successive prison riots that occurred upon June 24 and August 20, 1968, at the Ohio State Penitentiary. As grounds for seeking federal habeas corpus relief the petitioner contends (1) that the prison riot statute upon which he was convicted was discriminatory in its terms and application, thereby denying him equal protection of the law; (2) that he was denied due process by the refusal of the state trial court (a) to sever the counts in the indictment and grant a trial upon the two June riot counts separate from a trial upon the two August riot counts, (b) to admit evidence of justification or self-defense upon the August riot counts, and (c) to compel the testimony of witnesses; and (3) that he was denied the effective assistance of counsel.

 It is conceded that no issue was raised by the petitioner in the state court with regard to the constitutionality of the Ohio Prison Riot Statute (Section 2921.18, Ohio Revised Code). The petitioner contends, however, that to have raised the issue in the Ohio courts would have been a futile gesture in that the constitutionality of the statute has been upheld in certain unreported cases in the lower appellate courts in that jurisdiction. The existence of such unreported decisions is not sufficient to excuse the petitioner from the obligation of testing the constitutionality of the state statute in the state courts before resort may be had to federal habeas corpus relief. Anderson v. Johnson, 371 F. 2d 84 (6th Cir., 1966); Wilson v. Dixon, 256 F.2d 536 (9th Cir., 1958); 28 U.S.C. § 2254.

Regarding the remaining issues, the District Court held an evidentiary hearing at which the transcript of the evidence upon the criminal trial was filed and at which testimony was received from the petitioner and from his state court trial attorney upon the issue of the alleged denial of effective assistance of counsel. Upon the record thus established, the District Court found the petitioner's federal habeas corpus contentions to be without merit. We affirm.

The record upon the trial reflects that two successive prison riots occurred at the Ohio State Penitentiary during the summer of 1968. The first riot occurred upon June 24 and the second upon August 20 and 21. Extensive property and fire damage was caused in the first riot. Hostages were seized in the second riot and they had to be forcibly rescued before order was restored.

With regard to the June riot the state introduced evidence that shortly after the riot began the petitioner was seen armed with a knife and a club and was observed breaking windows and clubbing furniture in the prison auditorium. Later on that date he was observed urging other prisoners not to return to their cells as ordered. By way of defense, and in addition to denying participation in the riot, evidence was introduced that during the June riot the petitioner had rescued a number of patients and other personnel who were trapped by a fire started in the prison hospital.

With regard to the August riot the evidence was undisputed that the petitioner participated in seizing hostages and in threatening their lives and that he was the spokesman for the prison inmates who were rioting. In defense of his participation in the August riot, the petitioner sought to offer evidence of inmate mistreatment and of general prison conditions and grievances as justification for his participation, but the trial court declined to permit this evidence to be presented to the jury. It is upon this trial record that the petitioner contends that he was denied due process by failure of the trial court to sever the June and August riot counts, by failure of the court to compel testimony and by refusal of the court to admit evidence of justification or "self-defense" as regards the

petitioner's participation in the August riot. It is upon both the state court trial record and the testimony of the petitioner and his attorney at the evidentiary hearing held before the District Court that the petitioner bases his claim of denial of effective assistance of counsel.

The matter of granting separate trials upon the various counts within the indictment was within the sound discretion of the trial court in the context of this case. The offenses charged in each of the four counts of the indictment were sufficiently related both in time and in character to permit their joinder in the indictment and upon the trial. Allegations of participation by the petitioner in successive prison riots in the same institution separated in time by less then two months are sufficient circumstances to permit their joinder in an indictment and in a trial without violation of due process. See Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509 (1897); Beckett v. United States, 84 F.2d 731 (6th Cir., 1937); Williams v. United States, 115 U.S.App. D.C. 134, 317 F.2d 545 (1963); Bradley v. United States, 140 U.S.App.D.C. 7, 433 F.2d 1113 (1969). See also Rules 8, 13 and 14, Federal Rules of Criminal Procedure. That the joinder of two riots in one trial may have confronted the petitioner with an election as to whether he should testify or exercise his right to refrain from testifying does not constitute a constitutionally impermissible infringement of his right to refrain from self-incrimination. See Kirk v. United States, 457 F.2d 400 (6th Cir., 1972); United States v. Lee, 428 F.2d 917 (6th Cir., 1970). Moreover, the trial court avoided possible prejudice to the petitioner by permitting him to testify regarding the June riot but to decline to testify regarding the August riot, a privilege the Court was not legally impelled to grant. See Crampton v. Ohio, 402 U.S. 183, 91 S.Ct. 1454, 28 L. Ed.2d 711 (1971); Brown v. United States, 356 U.S. 148, 78 S.Ct. 622, 2 L. Ed.2d 589 (1958).

A principal contention advanced by the petitioner is that constitutional error was committed when the trial court declined to admit proffered defense testimony regarding prison conditions and inmate abuses in justification of the offenses charged, and in particular in justification of the August riot counts. There was no error on the part of the trial court in excluding this evidence. Prison abuses, whether real or fancied, form no justification for prison riots. Other lawful remedies exist for correction of such abuses. The petitioner seeks to draw an analogy between the motives prompting his participation in the August riot and the legal defense of self-defense to a charge of assault or homicide. No such analogy exists. See Miller, Criminal Law, pp. 189–224; Prosser, Law of Torts, 4th Ed., pp. 108–117; 40 Am.Jur.2d, "Homicide" § 140.

The petitioner's contention regarding self-defense or justification being without merit, much of the basis for his other contentions is removed from the case. His contentions regarding both the failure of his counsel to subpoena witnesses and the failure of the Court to compel witnesses to testify appear to relate only to witnesses who were proffered in support of his erroneous contention of justification or who he anticipated might, if called, have supported that contention. The record is devoid of any showing that the petitioner was denied the testimony of any witness who had relevant and admissible testimony. To the extent that the petitioner sought to subpoena some 80 inmates, in addition to the 23 witnesses that were subpoenaed or proffered by his attorney, merely to discover whether they might have information helpful to him, his request was properly denied as an abuse of process.

Finally, the petitioner contends that he was denied the effective assistance of counsel. It is apparent that this contention is in fact largely predicated upon the petitioner's dissatisfaction with the action of the trial court in refusing to sever counts in the indictment,

in refusing to subpoena witnesses for discovery, and in refusing the defense of self-defense, all as noted above. No error having been found in these rulings, they certainly could form no basis for a charge of ineffective assistance of counsel. Upon the record before us we are of the opinion that the District Court properly found no denial of effective assistance of counsel.

The judgment of the District Court is affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM.

This is an appeal from an order of the District Court denying a state prisoner's petition for habeas corpus relief. This Court affirmed that decision in a memorandum opinion entered upon June 29, 1972. The case is presently before the Court upon a motion for leave to file an untimely petition for rehearing and a suggestion of rehearing en banc. Two affidavits accompany the motion. In each the affiant states that due to an error by a law student with regard to the date of the opinion, the ninety-day period for petitioning for certiorari to the Supreme Court expired. Having considered the motion and the affidavits filed in support thereof, the Court is of the opinion that the affidavits are insufficient to support a delayed filing of the motion to reconsider.

In denying the said motion to file a petition for rehearing, the Court has carefully reviewed the petition, the authorities cited therein, the bill of exceptions and the entire record made on this appeal.

■ The single matter now complained of is the failure of the trial court to compel the testimony of Ellie Davis, Jr., and Richard Armstrong, two prison inmates called as witnesses by the defense. A careful reading of the trial record clearly reflects that the testimony of Ellie Davis was proffered in support of the defense that prison conditions justified the riot. The testimony was excluded by the trial judge as irrelevant, and properly so. No error would lie for failure to compel incompetent and irrelevant testimony.

■ The testimony of the witness Richard Armstrong was likewise proffered in the absence of the jury. While the record does not reflect the purpose for which the testimony was proffered, the record reveals no refusal on the part of the Court to compel the witness to testify. While it is true that the trial court did erroneously instruct the witness when it advised him that he would not be compelled to answer questions that might "incriminate or degrade" him, the witness neither requested nor was he granted this privilege. Rather, he expressed an unwillingness to testify unless given assurance against reprisals by prison staff personnel. At this point the examination of the witness ceased without any ruling by the Court or any request for a ruling by the Court. Reluctance of a witness to testify, when it is acceded to by counsel, does not rise to the level of a judicial failure to compel testimony.

The petition to rehear will be denied for untimely filing.