STATE of North Dakota,
Plaintiff-Appellee,

v.

Thomas H. GANN, Defendant-Appellant.

Crim. Nos. 538, 539.

Supreme Court of North Dakota.

July 21, 1976.

Kessler & Anderson, Grand Forks, for defendant and appellant, argued by David Kessler.

Thomas B. Jelliff, State's Atty., and Earle R. Myers, Jr., Asst. State's Atty., Grand Forks, for plaintiff and appellee, argued by Thomas B. Jelliff.

SAND, Justice.

On October 24, 1975, Thomas Gann was convicted of robbery by a jury in the district court of Grand Forks County, North Dakota. He appealed from the verdict of guilty,[1] alleging that the trial court erred in consolidating this trial with another robbery with which Gann was charged, that certain comments at the trial before the jury by the trial court on his guilt constituted reversible error, that the trial court erred in refusing the defendant's jury instructions on duress, and that the court committed other errors. These other errors were not argued in the brief or on oral presentation, and for this reason we treat them as abandoned. See *Regent Coop Equity Exch. v. Johnston's Fuel Liners, Inc.,* 122 N.W.2d 151 (N.D.1963), based on prior North Dakota Supreme Court Rule 8, now by inference in North Dakota Appellate Rule 28.

On the evening of February 11, 1975, the defendant was arrested for the robbery of Taco John's in Grand Forks. His trail was followed through the snow by the police, who found him on the top row of a grandstand located close to the scene of the crime. When found, Gann had in his possession the money taken from Taco John's in a white bag which was of the type used at Taco John's; a knife, and clothes fitting the description given to the police by two witnesses. The following day, the investigating officer, noticing similarities between the robbery of Taco John's and a robbery of the Sweet Clover Dairy on January 22, 1975, three weeks earlier, showed pictures of the defendant to one of the witnesses to the Sweet Clover Dairy robbery. See discussion in *State v. Azure,* 241 N.W.2d 699 (N.D.1976), on use of photograph for identification purposes. The witness identified Thomas Gann as the man who had held up Sweet Clover Diary. Gann was then charged with this robbery also.

The two cases were consolidated at the preliminary hearing, but the Taco John's case came on first, on March 31, 1975, after which the Sweet Clover Dairy case was continued until April 18, 1975.

The State moved that the Taco John's case be tried first on the grounds that those charges against the defendant were first

---

1. The appeal was actually from a judgment "*to be entered,*" but because there is no provision for such appeal we treat it as an appeal from the verdict.

filed and that the preliminary hearing on Taco John's was held first. The defendant objected to the motion, claiming it was a tactical move by the State to try the case in which it had the best evidence first, so that it could use any conviction against the defendant in the second case. The trial court ordered the cases consolidated to avoid any problems which might arise from having one case tried prior to the other.

The defendant claims the cases were not sufficiently similar to permit joinder or consolidation under Rules 8 and 13 of the North Dakota Rules of Criminal Procedure, respectively.

The Taco John's robbery occurred at eight o'clock on the evening of February 11, 1975. A man entered the store, looked at the menu for awhile, and placed his order. He told the waitress he had left his wallet in the car and would have to go get it. He returned and gave the waitress a note stating that this was a holdup. The man was armed with a knife. He told the waitress to put the money in a bag. As he was leaving through the back door, he cut the phone and told those in the store not to leave because they were being watched.

The robber was identified as being around six feet, weighing 180–190 pounds, wearing black snow pants, black boots, a blue parka, and had a green towel over his face.

The robbery of the Sweet Clover Dairy occurred at eleven o'clock on the evening of January 22, 1975. The robber came into the store, bought a few items, and then left. He returned as the two clerks were closing the door and said he had to get another item. He handed the clerk a note written on an envelope which said, "This is a holdup. Do not make any noise. I have five kids at home and they are not going to starve so give me all your money. I have a knife and a gun." The clerk put the money in a paper bag. The two clerks were then shut in the office and told to stay there. As the robber left he cut the telephone wires outside the building.

The robber was identified as being six feet, weighing 185 pounds, 40 to 50 years old, wearing a blue parka, having a green ski mask over his face, and displaying a rusty knife.

At the trial, the defendant took the stand and admitted he had committed the robbery of Taco John's, but denied having anything to do with the Sweet Clover Dairy holdup.

The jury found the defendant guilty of the robbery of Taco John's but was unable to agree on a verdict on the Sweet Clover Dairy robbery charge.

Defendant's primary contention is that the consolidation of these two cases for trial was error and was prejudicial to the defense.

The joinder of offenses in one trial is dealt with in Rules 8, 13, and 14 of the North Dakota Rules of Criminal Procedure.

Rule 8, NDRCrimP, states:

"Two or more offenses may be charged in the same indictment, information, or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

The Rule allows very broad joinder at the pleading stage, with the court given flexible power under Rule 14, NDRCrimP, to order separate trials as the necessities of a particular case may require. Wright, Federal Practice & Procedure, § 151, p. 305. *See, Miller v. United States,* 410 F.2d 1290 (8th Cir. 1969), *cert denied* 396 U.S. 830, 90 S.Ct. 81, 24 L.Ed.2d 80.

The unifying theme of Rule 8 is trial convenience. With one exception, criteria for joinder are premised on the desirability of trying a criminal transaction only once. However, "trial convenience in criminal procedure is not a goal on which all parties can uniformly agree." 8 Moore's Federal Practice—Criminal Rules § 8.02[1], p. 8–3.

Some courts have stated that Rule 8 "involves the balancing of conflicting interests: (1) speed, efficiency and convenience

in the functioning of the federal judicial machinery; against (2) the right of the accused to a fair trial, without any substantial prejudice to that right occasioned by the joinder of offenses and/or defendants." *Cataneo v. United States,* 167 F.2d 820, 823 (4th Cir. 1948). *See also, Bruton v. United States,* 391 U.S. 123, 131, 88 S.Ct. 1620, 1623, 20 L.Ed.2d 476 (1968).

Rule 8(a), NDRCrimP, permits joinder in three situations: (1) where the offenses are of the same or similar character, (2) where the offenses are based on the same act or transaction, and (3) where the offenses are based on two or more acts or transactions connected together or constituting part of a common scheme or plan.

The most problematical of these is that allowing joinder of offenses of the "same or similar character." There are obvious dangers of prejudice to the defendant when he is tried for two different crimes at the same trial.

". . . the juxtaposition of unrelated offenses is likely to prejudice the defendant, for one or more of the following reasons: '(1) he may become embarrassed or confounded in presenting separate defenses, (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.'" 8 Moore's Federal Practice—Criminal Rules § 8.05[2], p. 8–20, citing *Drew v. United States,* 331 F.2d 85 at 88 (C.A.D.C.1964).

The Federal Courts, in interpreting this Rule, have been hesitant to find improper joinder.

■ Where the offenses charged involve the same modus operandi and are otherwise circumstantially close, joinder is allowed.

For cases which have allowed joinder of offenses on the grounds that they were of the same or similar character, see *Bradley v. United States,* 140 U.S.App.D.C. 7, 433 F.2d 1113 (1969), involving two housebreakings of the same premises within a nine-day period; *Johnson v. United States,* 356 F.2d 680 (8th Cir. 1966), where defendant was charged with violations of the Mann Act involving different females; *Gray v. United States,* 123 U.S.App.D.C. 39, 356 F.2d 792 (C.A.1966), joinder allowed based on two offenses occurring on different nights within one month of each other in the same apartment building and involving the same modus operandi; *Chambers v. United States,* 112 U.S.App.D.C. 240, 301 F.2d 564 (C.A.1962), where the joinder of counts arising out of three acts of housebreaking committed by defendant on three dates within one month was proper; *Drew v. United States,* 311 F.2d 85 (C.A.D.C.1964), involving the joinder of one count of bank robbery and one count of attempted bank robbery.

Rule 13, NDRCrimP, allows the court to order two or more indictments, informations, or complaints to be tried together if the offenses could have been joined in a single indictment, information or complaint.

■ The failure to join offenses and defendants which might have been joined under Rule 8, NDRCrimP, may be remedied by a motion to consolidate under Rule 13. Consolidation is proper under Rule 13 in any cases where the offenses charged in the separate indictments or informations could have been joined in a single charge under Rule 8(a). However, under Rule 13 the court has discretion to deny consolidation, even though joinder would have been proper under Rule 8 if there is any doubt about the fairness of the trial. Although the scope of Rules 8(a) and 13 is the same and is determined by Rule 8(a), the grounds for their exercise are different.

Rule 8(a) permits the joinder of charges in the same indictment as long as they fall into one of the classifications. Consolidation under Rule 13 is permissible only if the doctrine of trial expediency may be effected without interference with substantial justice.

■ Consolidation of indictments for trial is reversible error only where there is a

clear abuse of discretion. *United States v. Harris,* 211 F.2d 656 (7th Cir. 1954), *cert. denied* 348 U.S. 822, 75 S.Ct. 34, 99 L.Ed. 648.

Rule 14, NDRCrimP, states that if it appears that a defendant is prejudiced by a joinder of offenses in an indictment or by such joinder for trial together, the court may order an election or separate trials or provide whatever relief justice requires.

■ Relief from joinder which is otherwise proper under Rule 8 may be sought by a motion pursuant to Rule 14. He may claim that they should not have been joined under Rule 8 or he may claim that even though Rule 8 has been complied with and the offenses are properly joined, he has been prejudiced by this joinder. The determination of prejudice rests in judicial discretion at the trial level, "and is virtually unreviewable." 8 Moore's Federal Practice—Criminal Rules § 14.02[1], p. 14–3.

> "There have not been many cases in which courts have granted a defendant relief against such joinder. In most cases motion to try different counts separately have been denied." Wright, Federal Practice & Procedure, § 222, p. 437.

*See, United States v. Barrett,* 505 F.2d 1091 (7th Cir. 1975): "Reversal of a conviction on the ground of abuse of discretion for failure to sever an offense under Rule 14 is almost nonexistent," at 1106; *United States v. Scott,* 511 F.2d 15 (8th Cir. 1975); *Williams v. United States,* 115 U.S.App.D.C. 134, 317 F.2d 545 (C.A.1963); *Daly v. United States,* 119 U.S.App.D.C. 353, 342 F.2d 932 (C.A. 1964), *cert. denied* 382 U.S. 853, 86 S.Ct. 102, 15 L.Ed.2d 91.

■ If the defendant claims that a joinder, permissible under Rule 8, is nevertheless prejudicial and that relief should be granted under Rule 14, the matter is addressed to the discretion of the trial court and a conviction will be reversed only if the refusal of the trial court to grant relief was a clear abuse of discretion. *See,* Wright, Federal Practice & Procedure, § 227, p. 468, citing numerous cases; *State v. Berger,* 234 N.W.2d 6 (N.D.1975); *State v. Erickson,* 231 N.W.2d 758 (N.D.1975).

■ If the appellate court is left with a definite and firm conviction that a defendant may have been prejudiced by the refusal to give him relief from joinder, it must reverse the conviction. *United States v. Johnson,* 478 F.2d 1129, 1134 (5th Cir. 1973); *United States v. Varelli,* 407 F.2d 735 (7th Cir. 1939), *cert. denied* 405 U.S. 1040, 92 S.Ct. 1311, 31 L.Ed.2d 581.

■ We find no error in the joinder of the two cases for trial. The facts show that the two robberies, which occurred less than a month apart, were similar as to the manner in which they were committed. They both involved robberies of small stores, by a man wearing a parka and wearing something over the face, who checked the place over first and then returned with a knife and a note demanding money, and who then cut the phone on his way out. Under Rule 8, this is adequately sufficient to find the offenses to be of the "same or similar character."

■ We also find no prejudice to the defendant in the consolidated trial. The defendant's decision to take the stand and testify as to his involvement in the Taco John's robbery was simply a tactical decision on the defendant's part. There was sufficient evidence to convict the defendant of the robbery of Taco John's even without his testimony which amounted to a full admission of having committed robbery at Taco John's place. He has shown no prejudice in his conviction for the robbery of Taco John's, and we find no abuse of discretion in the trial court's consolidation.

The Sweet Clover Dairy charges resulted in a hung jury. The State has not yet indicated whether it will retry the charge. We would in any event not be able to entertain any question of prejudice to defendant in this case until there has been a final determination to retry the defendant. The question is not yet ripe for determination as there is no justiciable issue.

The defendant claims that a statement made by the judge amounted to a comment on the guilt of the defendant which had the

effect of directing a verdict of guilty and constituted reversible error.

■ The court, in response to a motion by the State[2] that Taco John's case be taken from the jury and judgment entered, to which the defendant objected, stated: "Well, counselor, there is nothing to go to the jury as to the Taco John's."

■ Although this was not a proper comment for the trial court to make, we do not find that it has so prejudiced the defendant as to require a reversal of his conviction. We consider it harmless error. See Rule 52(a), NDRCrimP.

The defendant on direct examination in open court before the jury admitted to the elements of the crime, which was tantamount to a plea of guilty. The State presented evidence identifying the defendant by two eyewitnesses and establishing the fact that the defendant was found near the scene of the crime with the stolen money, armed with a knife, and with the clothes described by the witnesses. In light of all of this strong evidence of the defendant's guilt, coupled with defendant's testimony admitting the crime, it cannot be said that the comment of the trial court in this instance in any way prejudiced the defendant.

The defendant alleges that the trial court erred in refusing to instruct the jury that duress, as defined by the North Dakota Century Code, is a defense, and that by denying the instruction the court did not allow the jury to determine whether there was a defense.

Section 12–05–04,[3] NDCC, stated:

"Duress, consisting of an actual compulsion by the use of force or fear, exonerates a person charged with a criminal act or omission from punishment therefor."

The statute gave a collateral reference 22 C.J.S. Criminal Law § 44, which, in discussing duress, states:

". . . an act which would otherwise constitute a crime may be excused when committed under duress or compulsion which is present, imminent, and impending and which produces a well grounded apprehension of death or serious bodily harm if the act is not done."

■ The compulsion must come from an outside source and be such as to remove the free will of the actor.

The defendant claims that the duress under which he was acting was solely economic. He needed the money for his family to provide them with food and shelter. Section 12–05–04, NDCC, does not define duress to encompass such pressure. The defendant makes no claim that he was under any physical compulsion or threat of physical harm from any source, person or persons, to commit the crime.

■ The fear of losing one's job does not constitute legal excuse for violating liquor laws by order of employer. *Moore v. State*, 23 Ala.App. 432, 127 So. 796, *cert. denied* 221 Ala. 50, 127 So. 797 (1930).

■ The fear of losing a food ration card by a resident of Japan does not constitute a legal excuse for committing treason against the United States. *D'Aquino v. United States*, 192 F.2d 338 (1951), *rehearing denied* 203 F.2d 390, *cert. denied* 343 U.S. 935 (Tokyo Rose case).

Illegal entry by defendant was not excused because of his belief that there was a need to enter the United States to give a deposition or else face financial ruin. *United States v. Palmer*, 458 F.2d 663 (1972).

■ All of these cases hold that for the defense of duress or compulsion to be valid there must be a showing that the compulsion or duress was of such a nature so as to

---

**2.** Rule 29, Crim.P., permits defendant to make a motion for judgment of acquittal, but we are not aware of any rule or statute which would permit a motion by the State to remove the case from the jury and have the court direct a judgment of conviction. If there were such, we would have to express reservations as to its constitutionality.

**3.** This statute was still in effect at the time this crime was committed.

induce well-founded fear of immediate great bodily harm or death.

The defendant did not produce any of the required evidence.

▮ A defendant is entitled to an instruction on a valid applicable theory, but only if there is some evidence to support it [*Turner v. State,* 64 Wis.2d 45, 218 N.W.2d 502 (1974)], and where the jury is fully and correctly instructed upon the ingredients of the offense charged, it is not error to refuse to instruct them regarding a matter which does not or could not amount to a defense. *State v. Shortridge,* 54 N.D. 779, 211 N.W. 336 (1926); *State v. Hazlett,* 16 N.D. 426, 113 N.W. 374 (1907).

▮ The defendant has presented no evidence that he was under any duress as defined by statute, and therefore the refusal to give the instruction was correct.

The conviction in the trial court is affirmed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.