UNITED STATES of America, Plaintiff,

v.

Robert Wayne REYNOLDS, Defendant.

No. CR–1–80–0035.

United States District Court,
S. D. Ohio, W. D.

Sept. 26, 1980.

Terry W. Lehmann, Asst. U. S. Atty., Cincinnati, Ohio, for the United States.

Thomas R. Smith, James J. McGraw, Jr., Cincinnati, Ohio, for Robert Wayne Reynolds.

## MEMORANDUM DECISION

### DEFENDANT'S MOTION TO SEVER COUNTS IN THE INDICTMENT

SPIEGEL, District Judge:

This matter came on for hearing on September 24, 1980, upon defendant, Robert Wayne Reynolds', motion for severance of the eight counts with which he is charged in the indictment, pursuant to Rule 14, F.R. Cr.P., the government's response in opposition, defendant's supplemental memoranda in response, and extensive oral arguments of counsel. The court, as stated in the Order accompanying this Memorandum Decision, is of the opinion that said motion for severance is not well taken and should be denied at this time for the following reasons.

Defendant is charged with eight counts in the indictment. The first four counts charge violations of 18 U.S.C. § 1001. Each count relates to a separate occasion on which the defendant allegedly knowingly and willfully caused to be made a false and fictitious written statement as to a material fact in a matter within the jurisdiction of the Department of Housing and Urban Development (HUD). The next four counts charge the defendant with four separate instances of attempting to thwart a government investigation into the alleged HUD offenses. Each of these four latter counts relates to one of the HUD offenses. Three of these, counts V, VI, and VII charge violation of 18 U.S.C. § 1503, inducing another to make a material misrepresentation to obstruct an official investigation, and the final count, count VIII, charges a violation of 18 U.S.C. § 1510, attempting to persuade another to give false testimony before the grand jury.

These latter counts relate to the first four counts as follows: Count VI to Count I, Counts VII and VIII to Count II, Count V to Count III. Count IV stands alone. Thus, the defendant moved to sever the four HUD offenses from each other and also from those obstruction counts which do not relate to them.

Defense counsel's primary argument in support of the motion for severance is that the government is attempting to accomplish through joinder that which it could not do otherwise; that is, introduce evidence of all of the acts with which the defendant is charged before one jury. Defense counsel submits that if the HUD counts were severed for trial, dissimilarities in the acts comprising the offenses would prevent the introduction into evidence of the other acts with which the defendant is charged in trial of any one of them. *See* Rule 404(b), Federal Rules of Evidence (F.R.E.). Defense counsel also contends that if the Court determines that joinder is proper, the Court never has to consider whether the other offenses charged would be admissible under Rule 404(b), or unduly prejudicial under Rule 403 F.R.E.

In response, the U. S. Attorney presented a detailed and thorough exposition of the evidence which the government will introduce as to each of the four counts, and their related obstruction offenses, at the trial. Defense counsel conceded that such evidence could be forthcoming and disputed only its probative value. Based on these representations by the U. S. Attorney of what the government's evidence would show, the Court finds that not only are the HUD acts with which the defendant is charged of such substantial similarity that joinder of them is proper, but that these

acts show a pattern of activity on the part of the defendant which makes up a scheme or plan. Rule 8(a), F.R.Cr.P., Rule 404(b), F.R.E.

The government's evidence will demonstrate that the defendant, a real estate broker, was engaged in a scheme to acquire property from HUD which had been earmarked for owner–occupier homesteaders, by fraud, for investment purposes. He allegedly accomplished this by persuading others to represent to HUD that they wanted to buy and occupy the properties in question, when in reality it was understood that these properties would be transferred to the defendant shortly after the HUD transaction was consumated. Each of the four HUD counts in the indictment charge that the defendant engaged in a separate transaction of this sort.

Once the government began investigating defendant's activities in this regard, the defendant allegedly returned to these "front men" and asked them to give false information to the investigating agents to prevent them from learning the true nature of the prior transactions. These requests, which relate to three of the HUD counts, form the basis of counts V through VII in the indictment. Count VIII involves the defendant also requesting a person involved in one of the three instances above to give false testimony before the grand jury.

The Court concludes on the basis of the representation of the evidence which the government will introduce at trial, that the defendant's activities as to each HUD count are similar and are properly joined. Rule 8, F.R.Cr.P. *United States v. Niederberger,* 580 F.2d 63 (3d Cir. 1978); *United States v. Thomas,* 610 F.2d 1166 (3d Cir. 1979); *United States v. Eades,* 615 F.2d 617 (4th Cir. 1980); *United States v. Rabbitt,* 583 F.2d 1014 (8th Cir. 1978). Defendant does not contest the joinder of each obstruction offense to its related HUD offense; nonetheless, the Court finds the obstruction offenses are properly joined to their related HUD offenses as transactions closely connected to each other. *See Holmes v. Gray,* 526 F.2d 622 (7th Cir. 1975). Additionally,

joinder of all of the obstruction counts is proper, as they are offenses which are of similar character as well as offenses which are based on the same transaction—the government's investigation. *United States v. Lee,* 428 F.2d 917 (6th Cir. 1970); *Friedman v. United States,* 445 F.2d 1076, 1083 (9th Cir. 1971).

Rule 14, F.R.Cr.P., however, provides for severance of counts properly joined under Rule 8 if it appears that a defendant is prejudiced by joinder. It is widely recognized that the principal dangers to a defendant from a trial of joined counts which may result in prejudice, as set out in *Drew v. United States,* 331 F.2d 85, 88 (D.C.Cir. 1964) are largely eliminated where evidence of each of the joined offenses would be admissible in a separate trial of the other, under the rules governing the admissibility of "other acts" evidence. *Holmes v. Gray, supra; Baker v. United States,* 401 F.2d 958 (D.C.Cir.1968); *Bradley v. United States,* 433 F.2d 1113 (D.C.Cir.1969); *United States v. Rabbitt, supra.* Thus, this Court must make a determination, contrary to defense counsel's supposition, as to whether evidence of the offenses charged against the defendant would be admissible in a separate trial of any one of them under Rules 404(b) and 403, F.R.E.

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is admissible for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b), F.R.E. The facts that the U. S. Attorney proffered to the Court in relation to the defendant's HUD activities clearly encompass a scheme or plan of defendant to unlawfully acquire HUD property available for owner–occupier homesteaders. As such, even if counts I through IV were severed, the evidence as to each would be admissible in a trial of any one of them to show such scheme or plan. *United States v. Niederberger, supra ; United States v. Eades, supra ; United States v. Rabbitt, supra.*

The evidence of the obstruction offenses would also be admissible as to the HUD

offenses to which they relate under Rule 404(b), just as would the evidence of each HUD offense as to its related obstruction offense or offenses. On the one hand, the accumulated evidence of defendant's HUD activities tends to establish a motive for the counts of obstructing justice, and on the other the evidence of obstruction tends to establish guilty consciousness of the HUD offenses. *United States v. Rajewski*, 526 F.2d 149, 155 (7th Cir. 1975); *Holmes v. Gray, supra*, at 626. Likewise, all of the obstruction counts would be admissible evidence in separate trials of those as showing a scheme or plan to thwart a government investigation.

Thus, the Court at this time observes no prejudice to the defendant from joinder. However, it recognizes that if factual information adduced at the trial indicates that a joint trial will be unfair, severance is a remedy available to it any time that justice may require. Rule 14, F.R.Cr.P., *United States v. Thomas*, 610 F.2d 1166 (3d Cir. 1979).

Defendant's final point in support of his motion for severance is that, should he decide that he might wish to testify as to some counts but remain silent as to others, his fifth amendment right to remain silent will be jeopardized, and prejudice to his defense may ensue. The defendant has not yet demonstrated that this claim of prejudice is genuine. *See Baker v. United States, supra*, at 977. Moreover, the courts have almost unanimously rejected the argument that prejudice occurs simply because a defendant may wish to testify only as to some counts, and thus subject himself to cross–examination as to all counts, including those as to which he would otherwise invoke his fifth amendment privileges. *Conte v. Cardwell*, 475 F.2d 698 (6th Cir. 1973); *United States v. Weber*, 437 F.2d 327 (3d Cir. 1970); *United States v. Eades*, 615 F.2d 617 (4th Cir. 1980); *Alvarez v. Wainwright*, 607 F.2d 683 (5th Cir. 1979); *United States v. Williamson*, 482 F.2d 508 (5th Cir. 1973). As such, the Court finds no prejudice to defendant on this basis at this time.

Absent any present showing of prejudice by the defendant from joinder of the counts charged against him, there is no reason why counts properly joined should not so remain. As the Court finds no prejudice to the defendant from their joinder, it concludes that the motion for severance. must be denied.